



FILED
4/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, | ) | |
| | ) | Case No. 26-cv-00106 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Jorge L. Alonso |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Albert Berry, III |
| LAURA GAGLIARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

NOW COME, the parties: Plaintiff ROMIT CHAKRABORTY Defendant, DR. LAURA GAGLIARDI, by and through their respective counsel, and for their Initial Joint Status Report state as follows:

**I. Nature of the Case**

**A. Basis for Federal Jurisdiction:**

Diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of India domiciled in Cupertino, California. Defendant is a United States citizen domiciled in Chicago, Illinois. Plaintiff alleges the amount in controversy exceeds $75,000. Defendant denies the allegations made by Plaintiff, and denies that his damages exceed $75,000.

**B. Nature of Claims:**

Plaintiff brings claims for Fraudulent Inducement, Defamation *Per Se*, Tortious Interference with Prospective Economic Advantage, and Intentional Infliction of Emotional Distress. The claims arise from Defendant's publication of false statements regarding Plaintiff's employment classification and performance to third parties, including a key academic referee.

**C. Relief Sought:**

Compensatory damages, presumed damages for defamation *per se*, special damages (including lost professional opportunities), and punitive damages.

**D. Jury Demand:**

Yes.

**E. Unserved Parties:**

None.

## II. Discovery and Pending Motions

### A. Pending Motions:

Defendant anticipates filing a Motion to Dismiss pursuant to Rule 12(b)(6).

### B. Proposal for Discovery:

The parties anticipate written and oral, fact witness, and damages witness discovery. However, the parties differ on the immediate focus and phasing of that discovery.

**Plaintiff's Position on Discovery:**

Plaintiff proposes a phased approach focusing strictly on Electronically Stored Information (ESI) and documentary metadata to establish malice and motive. To prevent spoliation and ensure the integrity of the digital record, Plaintiff requires that the following be produced in their native formats with all metadata intact pursuant to FRCP 34:

i. All communications between Plaintiff and Defendant, both internal and external to employment, from June 2023 through January 6, 2025.

ii. Defendant's communications with Professor Martin Head-Gordon.

iii. Defendant's communications, consulting agreements, and federal grant drafts (including DARPA) involving PsiQuantum Corp. and its personnel from August 2024 to present.

iv. All SMS, iMessage, and mobile communications between Defendant and Arvin Kakekhani concerning the December 10, 2024 termination.

v. Communications regarding the placement of Abhishek Mitra and Matthew Hennefarth at PsiQuantum after Plaintiff's offer letter for placement at PsiQuantum, Corp. in July 2024.

**Defendant's Position on Discovery:**

If Defendant's motion to dismiss is denied, Defendant will request discovery supporting plaintiff's allegations and his damages.

Defendant objects to the scope and relevance of the documents listed above, but reserves those objections for the discovery process following the ruling on Defendant's motion to dismiss.

**(1) Protective Orders:**

A standard confidentiality order will be necessary for proprietary third-party commercial information and Plaintiff's medical records.

**(2) Proposed Discovery Schedule:**

Because the parties have differing views on the required timeline to complete the necessary ESI extraction and expert analysis, the respective proposed deadlines are outlined below:

| Case Stage | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Rule 26(a)(1) Initial Disclosures | April 23, 2026 | May 30, 2026 |
| First Date to Issue Written Discovery | April 23, 2026 | May 30, 2026 |
| Deadline to Amend Pleadings | May 30, 2026 | May 30, 2026 |
| Completion of Fact Discovery | August 30, 2026 | October 30, 2026 |

| | | |
|---|---|---|
| *Plaintiff's Rule 26(a)(2) Expert Disclosures* | September 30, 2026 | July 30, 2026 |
| *Defendant's Rule 26(a)(2) Expert Disclosures* | October 30, 2026 | September 30, 2026 |
| *Rebuttal* | November 15, 2026 | |
| *Completion of Expert Discovery* | December 15, 2026 | January 22, 2027 |

## III. Settlement and Referrals

### A. Settlement Discussions:

No settlement discussions have occurred.

### B. Settlement Conference:

The parties do not request a settlement conference at this time.

### C. Magistrate Consent:

Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes. The parties do not unanimously consent to that procedure at this time.

Dated: April 22, 2026

Respectfully submitted,

/s/ *Romit Chakraborty*

Plaintiff, pro se
*ROMIT CHAKRABORTY*
*20990 Valley Green Drive, Apt 692*
*Cupertino, CA 95014*
*773-816-8338*
romit.chakraborty@gmail.com

/s/ *Caroline K. Vickrey*

Caroline K. Vickrey
Georgia A. Arvanitis
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770
vickreyc@jbltd.com
arvanitisa@jbltd.com
*Counsel for Defendant, LAURA GAGLIARDI*

E-filed by:
Romit Chakraborty
20990 Valley Green Drive, Apt 692
Cupertino, CA 95014
(773)-816-8338
Email: romit.chakraborty@gmail.com