**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, | ) | |
| | ) | Case No. 26-cv-00106 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Jorge L. Alonso |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Albert Berry, III |
| LAURA GAGLIARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST, SECOND, THIRD AND FOURTH SETS OF REQUESTS FOR ADMISSION**

NOW COMES Defendant, LAURA GAGLIARDI, by and through her attorneys, JOHNSON & BELL, LTD., and for her Response to Plaintiff's First, Second, Third and Fourth Requests for Admission Pursuant to Rule 36 of the Federal Rules of Civil Procedure, states as follows:

REQUEST FOR ADMISSION NO. 1: Admit that Defendant possessed actual knowledge that Plaintiff's cap-exempt H-1B visa status was subject to a strict 60-day statutory grace period following the termination of his employment at the University of Chicago.

**RESPONSE: Deny.**

REQUEST FOR ADMISSION NO. 2: Admit that Defendant possessed actual knowledge that Plaintiff's subsequent O-1A visa status was subject to a strict 60-day statutory grace period following the termination of his employment at PsiQuantum Corp.

**RESPONSE: Deny.**

REQUEST FOR ADMISSION NO. 3: Admit that Defendant, or an individual acting under Defendant's direct instruction or authority, authorized the revocation of Plaintiff's institutional IT, server, and data access prior to the previously agreed upon date Dec 24, 2024.

**RESPONSE: Deny.**

REQUEST FOR ADMISSION NO. 4: Admit that the text messages transmitted between Plaintiff and Bhavnesh Jangid, attached as Exhibit 6 to Plaintiff's First Amended Complaint, are authentic representations of communications that occurred within Defendant's research group.

**RESPONSE**: **Deny.**

REQUEST FOR ADMISSION NO. 5: Admit that before January 6, 2025, Defendant communicated with Professor Martin Head-Gordon concerning Plaintiff.

**RESPONSE**: **Admit.**

REQUEST FOR ADMISSION NO. 6: Admit that one or more communications between Defendant and Professor Martin Head-Gordon concerned Plaintiff's performance in Defendant's research group.

**RESPONSE**: **Admit.**

REQUEST FOR ADMISSION NO. 7: Admit that Defendant communicated to Professor Martin Head-Gordon that Plaintiff had made a poor impression on Defendant, or words to that effect.

**RESPONSE**: **Deny.**

REQUEST FOR ADMISSION NO. 8: Admit that Defendant communicated to Professor Martin Head-Gordon that Plaintiff was "distracted by LLMs," or words to that effect.

**RESPONSE**: **Deny.**

REQUEST FOR ADMISSION NO. 9: Admit that Defendant communicated to Professor Martin Head-Gordon that Plaintiff was not as good a team player as Defendant had hoped, or words to that effect.

**RESPONSE**: **Deny.**

REQUEST FOR ADMISSION NO. 10: Admit that Defendant did not issue Plaintiff any written performance warning, disciplinary notice, performance improvement plan, or written annual review during Plaintiff's employment at the University of Chicago.

**RESPONSE**: **Admit.**

REQUEST FOR ADMISSION NO. 11: Admit that Plaintiff's August 31, 2023 offer letter identified Plaintiff's position as "Quantum-AI Researcher."

**RESPONSE**: **Admit.**

REQUEST FOR ADMISSION NO. 12: Admit that before sending the January 3, 2025 email containing the Title Statement, Defendant knew that Plaintiff's offer letter identified his position as "Quantum-AI Researcher."

**RESPONSE: Objection, this Request is vague as to the phrase "email containing the Title Statement" which is an undefined phrase and thus Defendant cannot admit or deny this Request as written.**

REQUEST FOR ADMISSION NO. 13: Admit that on January 3, 2025, Defendant wrote to Plaintiff and University of Chicago Human Resources that "The title 'Quantum-AI Researcher' is totally made up by you," or words to that effect.

**RESPONSE: Deny.**

REQUEST FOR ADMISSION NO. 14: Admit that before sending the January 3, 2025 email containing the Title Statement, Defendant did not ask University of Chicago Human Resources to verify the title stated in Plaintiff's offer letter.

**RESPONSE: Objection, this Request is vague as to the phrase "email containing the Title Statement" which is an undefined phrase and thus Defendant cannot admit or deny this Request as written.**

REQUEST FOR ADMISSION NO. 15: Admit that by January 17, 2025, the Gagliardi Group website identified Plaintiff as "Staff Scientist with Title Quantum AI Researcher," or words to that effect.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 16: Admit that Plaintiff performed work in Defendant's group involving large language models, foundation models, artificial intelligence, active-space selection, or computational quantum chemistry.

**RESPONSE: Defendant denies that Plaintiff "performed work" according to her definition of "performed work."**

REQUEST FOR ADMISSION NO. 17: Admit that work involving large language models, foundation models, artificial intelligence, active-space selection, or computational quantum chemistry was within the research scope Plaintiff was recruited or permitted to pursue in Defendant's group.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 18: Admit that Defendant's Motion to Dismiss relies on Professor Head-Gordon's January 2025 statements concerning Plaintiff's performance, honesty, suitability, and termination from PsiQuantum.

**RESPONSE: Objection, this Request seeks a legal conclusion which is inappropriate for a Request to Admit Facts pursuant to Rule 36.**

REQUEST FOR ADMISSION NO. 19: Admit that Defendant has communicated with PsiQuantum Personnel concerning a research collaboration, proposal, grant, project, contract, award, or partnership.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 20: Admit that Defendant has communicated with PsiQuantum Personnel concerning the NQAC Project.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 21: Admit that before April 24, 2026, Defendant communicated with PsiQuantum Personnel concerning the NQAC Project.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 22: Admit that before December 10, 2024, Defendant communicated with PsiQuantum Personnel concerning any research collaboration, proposal, project, grant, partnership, quantum chemistry workflow, quantum algorithm, electrocatalyst, or fault-tolerant quantum computing application.

**RESPONSE: Deny.**

REQUEST FOR ADMISSION NO. 23: Admit that Defendant publicly reposted or endorsed a PsiQuantum announcement concerning a collaboration involving Defendant, the University of Chicago, UL Research Institutes, and/or the National Quantum Algorithm Center.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 24: Admit that Defendant posted or reposted the statement "Can't wait to start this journey!" in connection with a PsiQuantum-related collaboration, or words to that effect.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 25: Admit that Defendant was aware, before January 2025, that Plaintiff had been employed by PsiQuantum.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 26: Admit that Defendant communicated with any PsiQuantum Personnel concerning Plaintiff at any time.

**RESPONSE: Deny.**

REQUEST FOR ADMISSION NO. 27: Admit that Plaintiff performed research in Defendant's group concerning quantum chemistry, artificial intelligence, active-space selection, large language models, foundation models, or quantum algorithms.

**RESPONSE: Defendant denies that Plaintiff "performed research" according to Defendant's definition of "performed research."**

REQUEST FOR ADMISSION NO. 28: Admit that Plaintiff requested support, approval, clarification, or non-objection from Defendant concerning publication, presentation, online dissemination, or professional use of Publication/Research Materials.

**RESPONSE: Admit.**

REQUEST FOR ADMISSION NO. 29: Admit that Defendant declined, withheld, opposed, conditioned, or delayed support for Plaintiff's publication, presentation, online dissemination, or professional use of Publication/Research Materials.

**RESPONSE: Deny. As Plaintiff presented no Publications/Research Materials to Defendant, Defendant had nothing to decline, withhold, oppose, condition, or delay support of for publication, presentation, online dissemination, or professional use.**

REQUEST FOR ADMISSION NO. 30: Admit that Defendant is not aware of any written agreement assigning Plaintiff's University of Chicago research to PsiQuantum.

**RESPONSE: Objection, this Request assumes that Plaintiff had research from the University of Chicago which could be assigned, which Defendant denies.**

REQUEST FOR ADMISSION NO. 31: Admit that Defendant is not aware of any written agreement prohibiting Plaintiff from accurately describing non-confidential research he performed while affiliated with Defendant's group.

**RESPONSE: Objection, this Request assumes that Plaintiff "performed research" which Defendant denies.**

REQUEST FOR ADMISSION NO. 32: Admit that before April 2026, Defendant understood that Plaintiff was seeking employment or professional opportunities in the same quantum chemistry, quantum computing, and quantum-AI professional ecosystem in which Defendant was communicating with PsiQuantum personnel.

**RESPONSE: Deny.**

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/Caroline K. Vickrey

One of the attorneys for Defendant,
Laura Gagliardi

Caroline K. Vickrey – ARDC #6210332
Georgia A. Arvanitis – ARDC #6352525
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 Fax
vickreyc@jbltd.com
arvanitisg@jbtd.com