## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, | ) | |
| | ) | Case No. 26-cv-00106 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Jorge L. Alonso |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Albert Berry, III |
| LAURA GAGLIARDI, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT DR. LAURA GAGLIARDI'S MOTION FOR STAY OF ORAL DISCOVERY PENDING RESOLUTION OF RULE 12(b)(6) MOTION TO DISMISS

NOW COMES Defendant, Dr. Laura Gagliardi, by and through her undersigned counsel, JOHNSON & BELL, LTD., respectfully submits to this Court, pursuant to Federal Rule of Civil Procedure 26(c), this Motion to Stay Oral Discovery pending the resolution of Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6), and for other relief related to depositions in this matter. In support thereof, Defendant states as follows:

### BACKGROUND

Plaintiff Romit Chakraborty, proceeding *pro se*, filed this action against Defendant, Dr. Laura Gagliardi, on March 31, 2026 asserting four counts arising out of Plaintiff's employment as a participant in Dr. Gagliardi's research group at the University of Chicago: fraudulent inducement, defamation *per se*, tortious interference with prospective economic advantage, and intentional infliction of emotional distress.

On April 28, 2026, Defendant moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6). (*See* Doc. 18). The Motion to Dismiss raises threshold legal defenses that, if accepted, would resolve some or all of Plaintiff's claims as a matter of law without any need for discovery. If granted in full, the Motion to Dismiss would dispose of this case in its entirety; if

granted in part, it would substantially narrow the necessary oral discovery and proper scope of depositions in this case.

No scheduling order has been entered under Rule 16, no discovery plan has been approved under Rule 26(f), and no deadline has been set for the close of oral discovery. No deposition has been formally noticed by either party, and the parties have not agreed on dates, sequence, or logistics for any deposition.

Although Defendant believes the pending Motion to Dismiss will resolve this case, Defendant recognizes this Court's standing order and has not sought, and does not now seek, to halt discovery in its entirety. To the contrary, the parties have continued to exchange written discovery while the Motion to Dismiss has been pending. On April 29, 2026, Plaintiff served his first set of Interrogatories, Requests for Production, and Requests for Admission. On May 1, 2026, Plaintiff served his second set of Interrogatories, Requests for Production, and Requests for Admission. On May 15, 2026, Plaintiff served his third and fourth sets of Interrogatories, Requests for Production, and Requests for Admission. Defendant served full responses to all written discovery received thus far on May 26, 2026. This Motion is directed solely at oral discovery.

On or about June 11, 2026, and without any prior communication with defense counsel regarding scheduling or the sequence in which depositions should proceed, Plaintiff began sending substantially identical and lengthy correspondence directly to individuals he has identified as potential witnesses. (Attached hereto as **Exhibit A**). The individuals include Professor Martin Head-Gordon, Bhavnesh Jangid, Valay Agarawal, Joanna Wang, and Jacob Wardzala.

Each email identifies several categories of testimony Plaintiff intends to pursue with each recipient, sweeping in virtually every aspect of Plaintiff's time in the research group: his "role, title, appointment, staff/researcher status, and group status"; his technical work in quantum

chemistry, machine learning, and related computational methods; group members' communications about that work; and, more broadly, group members' personal views of Plaintiff's "academic seriousness, research conduct, performance, honesty, or professional suitability." (Ex. A). Each letter also asks the recipient to begin preserving essentially every category of record that might conceivably exist on these subjects, down to "whiteboard photographs" and "handwritten notes." (Ex. A).

For each recipient, Plaintiff proposes a remote deposition by videoconference reserving "one full deposition day, up to seven hours of testimony," and offers a choice among seven separate full business-day windows running from Monday, July 27, 2026 through Tuesday, August 4, 2026; giving each recipient until Wednesday, June 17, 2026, to respond. (Ex. A). Multiplied across the several witnesses Plaintiff has already contacted – and Plaintiff's emails indicate that more such correspondence may follow – Plaintiff's correspondence contemplates dozens of hours of deposition testimony on an effectively unbounded set of topics, before the Court has had any opportunity to determine which, if any, of Plaintiff's four claims may proceed past the pleading stage.

**THE LAW**

This Court's Standing Order provides that "the pendency of a motion – even a dispositive motion – does not operate as a stay of discovery," and the Court generally discourages discovery motions in favor of the parties resolving such disputes themselves. Defendant is mindful of both principles and brings this Motion only because the relief sought is narrow – a brief stay of oral discovery, not of discovery generally – and because the parties' informal efforts to address the scope and timing of Plaintiff's proposed depositions have been unsuccessful.

When considering whether to grant a stay of discovery, courts consider the following three factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. *Pfizer Inc. v. Apotex Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009). Rule 26(c)(1) authorizes the Court, for good cause, to enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that discovery "not be had" or that it proceed only "on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(1)(A), (B). The Federal Rules of Civil Procedure authorize courts to manage discovery, including the ability to control the sequence, scope, and timing of discovery. Fed. R. Civ. P. 26(b), (c) & (d); *McGee v. City of Chicago*, No. 04 C 6352, 2005 U.S. Dist. LEXIS 30924, at \*5 (N.D. Ill. June 23, 2005). Courts have inherent authority to control their dockets and manage cases efficiently, including the authority to stay discovery pending resolution of threshold legal issues. *See Henson v. Dep't of Health & Human Servs.*, 892 F.3d 868, 874 (7th Cir. 2018); *Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990); *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005).

Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party, without leave of court," and the rule's structure establishes in-person depositions as the default. Rule 30(b)(4) provides the exception, allowing parties to stipulate, or the court to order on motion, that a deposition be taken "by telephone or other remote means." Whether a court should deviate from that default standard depends on "balancing various factors, including the deponent's circumstances, the potential hardships of in-person depositions, and the availability of alternative methods," with trial courts enjoying "significant discretion" and decisions being "necessarily fact specific." *Crutchfield v. Experian Information Solutions, Inc.*, No. 25 CV 5697, 2025 WL 2938760

(N.D. Ill. Oct. 16, 2025), at *1. Additionally, "litigants should not underestimate the importance and significance of in-person, face-to-face confrontation between adversaries and the gravity of appearing in-person along with their attorneys and the court reporter assigned to administer the oath to the deponent." *Id*. at *2 (internal quotations omitted). *See also Neita v. City of Chi.*, 148 F.4th 916, 927-29 (7th Cir. 2025) (noting the Seventh Circuit has consistently held that trial courts have broad discretion when ruling on discovery-related issues).

## ARGUMENT

### I.       Good Cause Exists for a Short Stay of Oral Discovery

A short stay of discovery would simplify the case by limiting, or eliminating altogether, the need for depositions. Unlike a routine motion directed at the sufficiency of a single claim, the Motion to Dismiss addresses every count in the Complaint and raises privilege and opinion-doctrine defenses that go to whether Plaintiff may probe Dr. Gagliardi's, Professor Martin Head-Gordon's, Bhavnesh Jangid's, Valay Agarawal's, Joanna Wang's, or Jacob Wardzala's private assessments of Plaintiff's performance at all. (*See* Doc. 18). If the Court agrees that those communications are privileged or constitute non-actionable opinion, much of the inquiry Plaintiff has already proposed would never become a proper subject of discovery in the first place. Proceeding with full-day depositions of multiple witnesses on that subject matter now, only to have the Court later determine that the underlying communications are irrelevant non-actionable opinion, would not simplify this case; it would require the parties to do the work twice, at Dr. Gagliardi's expense. *See* Fed. R. Civ. P. 26(c)(1) ("…protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Each of these depositions will require preparation time, attendance by defense counsel, and, for Dr. Gagliardi, personal time and expense that she bears as an individual, not an institution.

Multiplied across the several witnesses Plaintiff has already contacted, and any others he may yet contact, the cost of complying with Plaintiff's proposed schedule before the Motion to Dismiss is decided is substantial and, if the Motion to Dismiss is granted in whole or in part, will prove to have been unnecessary. *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 338 (N.D. Ill. 2005) (quoting *Hachette Distrib., Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y.1991) (factors relevant in stay application include whether "the issues before the Court are purely questions of law that are potentially dispositive")). A short stay allows the Court's ruling to define, and likely substantially narrow, the proper scope of any depositions that ultimately proceed.

Additionally, Plaintiff has not suggested any urgency that a brief stay of oral discovery is not warranted. He has not alleged a health condition, an approaching limitations issue, or any risk that evidence or witness testimony will become unavailable. *See Neubauer v. Owens-Corning Fiberglas Corp.*, 26 B.R. 644, 647 (E.D. Wis. 1983) (Plaintiff diagnosed with terminal illness which precluded a stay of discovery). To the contrary, every individual Plaintiff has contacted remains affiliated with the University of Chicago and readily available. Nor has Plaintiff suggested that he requires deposition testimony to respond to the Motion to Dismiss, which turns on the allegations of the Complaint itself. In *Chicago Bd. Options Exchange, Inc. v. Connecticut General Life Ins. Co.*, 95 F.R.D. 524, 525 (N.D. Ill. 1982), the Northern District of Illinois granted a stay of discovery pending resolution of a motion to dismiss because plaintiffs failed to show justification for subjecting defendants to discovery pending court's rulings on defendant's motion to dismiss for failure to state claim for relief. The court's ruling turned on the plaintiffs' inability to demonstrate why deposition or other discovery was needed to oppose dismissal. *Id.*

Plaintiff will suffer no prejudice should discovery be stayed. This case is at one of the earliest points in litigation and potential delay in resolving this case alone does not establish undue delay. *See Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 09-3339, 2014 WL 2505166, *2 (N.D. Ill. 2014) ("[S]eeking a stay at the earliest stage of the litigation diminishes the potential effect of any tactical disadvantage."); *see also Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016). Similarly, the burden of litigation will undoubtedly be reduced if discovery is stayed. Not only will all parties avoid accrual of unnecessary costs, fees, and obligations, but also, the Court will avoid disruption to judicial economy and docket congestion attributable to discovery disputes relating to claims which may be dismissed. With Defendants' Motion to Dismiss already pending, a stay of all discovery at this juncture would further promote judicial economy, as the Court will have additional time and availability attributable elsewhere.

For the forgoing reasons, staying discovery at this juncture will allow the parties to avoid conducting unnecessary discovery on matters which may be rendered moot. If Defendants' Motion to Dismiss is successful, whether in-part or wholly, the number of claims alleged will be reduced, thereby narrowing the scope of discovery and streamlining the issues for trial.

**II. In the Alternative, the Court Should Govern the Sequence, Location, and Format of Any Depositions That Proceed**

If the Court declines to stay oral discovery, Defendant respectfully requests an order, pursuant to Rule 26(c)(1)(B) and Rule 30(b)(4), seeking: (1) that Plaintiff's deposition proceed first; (2) that Plaintiff's deposition proceed in person in Chicago; and (3) that Dr. Gagliardi's deposition, and all resident non-party witness depositions proceed in person in Chicago, Plaintiff's chosen choice of forum.

Courts presume that a plaintiff who selects a forum may be required to appear there for his own deposition, because in choosing that forum the plaintiff has effectively consented to

participate in legal proceedings there. *Gibbs v. National R.R. Passenger Corp.*, 170 F.R.D. 452, 453 (1997); *see also Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591–92 (7th Cir.1992) (Court denied Plaintiff's request for a telephone deposition upon Defendants' objection). Plaintiff filed this action in the Northern District of Illinois and has not suggested that travel within this District would be impracticable for him, to the contrary, his own correspondence proposes deposing other witnesses here. Defendant accordingly requests that Plaintiff's deposition proceed in person in Chicago. Sequencing Plaintiff's deposition first also serves the efficiency that Plaintiff's own correspondence seeks to advance. Plaintiff's emails identify several broad categories of inquiry he intends to pursue with third-party witnesses; taking Plaintiff's deposition first will allow the parties – and, if necessary, the Court – to determine which of those categories are actually relevant to the claims that survive the Motion to Dismiss before non-party witnesses are asked to sit for full-day examinations on all of them.

Rule 30(b)(4) permits a deposition to be taken by remote means only where "the parties stipulate" to that format "or the court" so orders "on motion." Fed. R. Civ. P. 30(b)(4). Plaintiff has not sought Defendant's agreement to a remote format; his emails simply announce that he "anticipates arranging a remote deposition by videoconference". Defendant does not agree, and such, has corresponded with the Plaintiff in good faith to express her disagreement with remote depositions. Courts that have addressed remote depositions over a party's objection apply a good-cause standard, and Plaintiff has identified no basis for that showing here. *See Crutchfield*, 2025 WL 2938760, at *2.

As the Motion to Dismiss explains, several of Plaintiff's claims turn on the content and context of a substantial volume of emails and other group communications. This is precisely the kind of complex documentary record that is most efficiently and accurately examined with

witnesses and counsel in the same room. Dr. Gagliardi, moreover, resides and is employed in this District; an in-person deposition in Chicago imposes no incremental travel burden on her whatsoever. Defendant accordingly requests that any deposition of Dr. Gagliardi proceed in person in Chicago.

The same considerations apply to the non-party witnesses Plaintiff has already contacted and to any others Plaintiff may yet contact. With the exception of Dr. Head-Gordon, whose deposition Dr. Gagliardi does not oppose taking place remotely, each is, on information and belief, located in or near Chicago by virtue of his affiliation with the University of Chicago, such that an in-person deposition in this district imposes no undue hardship. And because Plaintiff's emails propose to examine each witness using the same volume of documentary material described above, the same efficiency concerns that favor an in-person format for Dr. Gagliardi's deposition apply to these witnesses as well.

Finally, Defendant respectfully notes that Plaintiff's emails to these witnesses were sent without any prior conferral with defense counsel regarding dates, sequence, or logistics, notwithstanding that defense counsel represents the only defendant in this case and was simply copied on the correspondence after it had already been sent. To avoid duplicative scheduling, conflicting dates, and unnecessary motion practice going forward, Defendant requests that the Court direct the parties to confer regarding the scheduling and sequence of any depositions before any deposition is noticed.

<strong>CONCLUSION</strong>

For the foregoing reasons, Defendant Dr. Laura Gagliardi respectfully requests that this Court stay oral discovery in this case pending the resolution of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), and in addition, whenever it orders oral discovery to proceed, Defendant

requests that Plaintiff deposition proceed first, and that it proceed in person in Chicago, Plaintiff's chosen forum.  Further, Defendant respectfully requests that Dr. Gagliardi's deposition proceed in person in Chicago.  Finally, Defendant requests that all non-party witness depositions proceed in person in Chicago, Plaintiff's chosen forum.

Respectfully submitted,

JOHNSON & BELL, LTD.

/s/___*Georgia Arvanitis*_____

One of the Attorneys for Defendant,
Dr. Laura Gagliardi

Georgia A. Arvanitis – ARDC #6352525
Caroline K. Vickrey – ARDC #6210332
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 Fax
vickreyc@jbltd.com
arvanitisg@jbtd.com