

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D. | ) ) ) | **United States District Court** **Northern District of Illinois** |
| | ) | **Chakraborty v. Gagliardi** |
| Plaintiff, | ) | Case No. 1:26-cv-00106 |
| | ) | Judge Hon. Jorge L. Alonso |
| v. | ) | Magistrate Judge: Hon. Albert Berry, III |
| | ) | |
| LAURA GAGLIARDI | ) ) | |
| | ) | |
| Defendant. | ) | |

**FILED** MPV
7/8/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**PLAINTIFF'S NOTICE REGARDING DEFENDANT'S FAILURE TO COMPLY WITH LOCAL RULE 37.2 BEFORE FILING DISCOVERY MOTION AND REQUEST THAT MOTION BE STRICKEN OR DEFERRED**

Plaintiff Romit Chakraborty, appearing pro se, respectfully submits this Notice regarding Defendant Dr. Laura Gagliardi's Motion for an Order Governing the Sequence, Location, and Format of Depositions, ECF No. 34.

Plaintiff submits this Notice for the limited purpose of identifying a threshold procedural defect: Defendant filed a discovery motion without first completing the Local Rule 37.2 conference required by this Court's procedures. Plaintiff does not intend this Notice to serve as a full response brief unless the Court so directs.

### I. Relevant Procedural Background

1. On July 1, 2026, Plaintiff circulated a draft Joint Status Report and Discovery Plan to Defendant for review and comment. Defendant did not provide comments, redlines, an alternative draft, or written acknowledgement before filing ECF No. 34.

2. On July 5, 2026, Plaintiff served Plaintiff's Notice of Oral Deposition of Defendant Laura Gagliardi by Remote Videoconference and requested that Defendant stipulate under Federal Rule of Civil Procedure 30(b)(4) to a remote deposition protocol.

3. Plaintiff also transmitted a proposed Rule 30(b)(4) Remote Deposition Stipulation and Protocol. Defendant attached that proposed protocol as Exhibit B to its motion. The protocol expressly addresses the officer and oath, recording method, participant identification, deponent room conditions, communications during questioning, exhibits, breaks, technical interruptions, safeguards against off-camera assistance, confidentiality, objections, duration, sequencing reservations, and Local Rule 37.2 conferral. See ECF No. 34-2.

4. Plaintiff also transmitted a Local Rule 37.2 Meet-and-Confer Agenda and Discovery Dispute Matrix to facilitate a structured conference regarding deposition format, sequencing, location, scheduling, and related issues.

5. On July 8, 2026, before Defendant filed ECF No. 34, Plaintiff sent written follow-up communications requesting Defendant's position on the draft Joint Status Report, the deposition notice, the Rule 30(b)(4) stipulation request, the proposed remote deposition protocol, deposition sequencing, deposition location, and a Local Rule 37.2 conference.

6. Plaintiff also attempted to reach Defendant's counsel by telephone and left a voicemail requesting Defendant's written response regarding these time-sensitive issues.

7. Defendant did not conduct a face-to-face, telephone, or videoconference Local Rule 37.2 conference with Plaintiff before filing ECF No. 34.

8. Defendant's motion states generally that Defendant "conferred with Plaintiff in good faith regarding her objections," ECF No. 34 at 3, but it does not identify with specificity

when and how Defendant complied with Local Rule 37.2, nor does it identify any face-to-face, telephone, or videoconference conference concerning the specific relief sought in ECF No. 34.

**II. Judge Berry's Procedures Require Local Rule 37.2 Compliance Before Discovery Motions Are Considered**

Judge Berry's standing procedures provide that "[t]he Court will not hear or consider any discovery motion unless the parties have complied with the meet and confer requirement under Local Rule 37.2." The same procedures require that "[a]ny discovery motion must state with specificity when and how the movant complied with Local Rule 37.2 by separate certificate filed with the motion and attested to by the attorney."

The procedures further state that compliance with Local Rule 37.2 requires a good-faith effort to resolve discovery disputes through communication and negotiation, that face-to-face communications are the preferred method, that videoconferencing satisfies the requirement, and that "[t]he mere exchange of correspondence" is insufficient. The procedures also warn that parties who fail to indicate that they met in person to attempt to resolve their dispute "risk having their motion stricken."

Here, Defendant filed a discovery motion seeking a protective order governing deposition sequence, location, and format without completing the required Local Rule 37.2 conference. Defendant also filed the motion despite Plaintiff's written request for conferral, Plaintiff's proposed Rule 30(b)(4) protocol, Plaintiff's Local Rule 37.2 matrix, Plaintiff's follow-up emails, and Plaintiff's voicemail requesting Defendant's position.

**III. Defendant's Motion Seeks Broad Discovery Relief Without the Required Conference**

Defendant asks the Court to order, among other things, that Plaintiff's deposition proceed before non-party depositions, that Plaintiff's deposition occur in person in Chicago, that Defendant Gagliardi's deposition and Chicago-area non-party depositions occur in person in Chicago, and that the parties confer before non-party depositions are noticed. ECF No. 34 at 1.

Those issues are precisely the type of discovery issues that must be discussed in a Local Rule 37.2 conference before motion practice. Plaintiff requested such conferral. Defendant instead filed ECF No. 34.

Plaintiff is not refusing deposition. Plaintiff is willing to be deposed under reciprocal safeguards, including the same remote deposition protocol Plaintiff proposed for Defendant and other witnesses. Plaintiff is also willing to confer regarding reasonable dates, witness-specific sequencing, topic narrowing, court-reporter logistics, electronic exhibits, and coordination of any non-party subpoenas.

Plaintiff does not, however, stipulate to a blanket Plaintiff-first sequencing order, a blanket in-person Chicago deposition requirement, or any stay, deferral, phasing, or conditioning of oral discovery absent stipulation or Court order.

**IV. Defendant's Own Exhibit B Shows That Plaintiff Sought a Rule 30(b)(4) Stipulation and Proposed Safeguards**

Defendant's motion suggests that Plaintiff attempted to impose remote depositions unilaterally. But Defendant's own Exhibit B is Plaintiff's proposed Rule 30(b)(4) stipulation and remote deposition protocol. The protocol begins by stating that the parties would stipulate that depositions may proceed by remote videoconference under Rule 30(b)(4).

The protocol also contains safeguards addressing identity, oath, room conditions, communications during questioning, electronic exhibits, technical interruptions, and off-camera assistance.

Thus, this is not a situation in which Plaintiff refused to confer or refused to propose a workable procedure. Plaintiff proposed a procedure and requested conferral. Defendant did not engage in the required Local Rule 37.2 conference before filing.

## V. Requested Relief

For the reasons above, Plaintiff respectfully requests that the Court:

1. strike or deny Defendant's motion without prejudice for failure to comply with Local Rule 37.2 and Judge Berry's standing procedures;

2. alternatively, defer consideration of Defendant's motion and order the parties to conduct a Local Rule 37.2 videoconference within seven days regarding deposition sequence, location, format, scheduling, Rule 30(b)(4) procedures, and non-party deposition coordination;

3. permit Plaintiff to file a full response if the Court elects to consider Defendant's motion on the merits; and

4. grant such other and further relief as the Court deems just and appropriate.

Dated: July 8, 2026

Respectfully submitted,

/s/ Romit Chakraborty
Romit Chakraborty, Ph.D.
Plaintiff, pro se
2261 Market Street, STE 72927
San Francisco, CA 94114
Telephone: (773) 816-8338
Email: romit.chakraborty@gmail.com

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D. | ) ) ) | **United States District Court** **Northern District of Illinois** |
| | ) | |
| | ) | **Chakraborty v. Gagliardi** |
| Plaintiff, | ) | Case No. 1:26-cv-00106 |
| | ) | Judge Hon. Jorge L. Alonso |
| v. | ) | Magistrate Judge: Hon. Albert Berry, III |
| | ) | |
| LAURA GAGLIARDI | ) ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF ROMIT CHAKRABORTY IN SUPPORT OF PLAINTIFF'S NOTICE REGARDING DEFENDANT'S FAILURE TO COMPLY WITH LOCAL RULE 37.2**

I, Romit Chakraborty, declare as follows:

1. I am the Plaintiff in this action and am proceeding pro se. I have personal knowledge of the facts stated in this declaration.

2. On July 1, 2026, I circulated a draft Joint Status Report and Discovery Plan to Defendant's counsel for review and comment.

3. Before Defendant filed ECF No. 34, I had not received comments, redlines, proposed revisions, an alternative draft, or written acknowledgement from Defendant concerning the draft Joint Status Report and Discovery Plan.

4. On July 5, 2026, I transmitted Plaintiff's Notice of Oral Deposition of Defendant Laura Gagliardi by Remote Videoconference and requested that Defendant stipulate under Federal Rule of Civil Procedure 30(b)(4) to a remote deposition procedure.

5. On or about July 5, 2026, I also transmitted Plaintiff's proposed Rule 30(b)(4) Remote Deposition Stipulation and Protocol.

6. On or about July 5, 2026, I transmitted Plaintiff's Local Rule 37.2 Meet-and-Confer Agenda and Discovery Dispute Matrix to facilitate a structured conference regarding deposition format, sequencing, location, scheduling, and related discovery issues.

7. On July 8, 2026, I sent follow-up correspondence requesting Defendant's position regarding the draft Joint Status Report and Discovery Plan.

8. On July 8, 2026, I also sent follow-up correspondence requesting Defendant's position regarding the Notice of Oral Deposition of Defendant Laura Gagliardi, the Rule 30(b)(4) stipulation request, the proposed remote deposition protocol, deposition sequencing, deposition location, and Local Rule 37.2 conferral.

9. On July 8, 2026, I attempted to reach Defendant's counsel, Ms. Caroline K. Vickrey, by telephone and left a voicemail requesting Defendant's written response regarding the time-sensitive filing and discovery issues.

10. Before Defendant filed ECF No. 34, Defendant did not conduct a face-to-face, telephone, or videoconference Local Rule 37.2 conference with me regarding the relief sought in ECF No. 34.

11. I am not refusing to sit for deposition in this action.

12. I am willing to be deposed under reciprocal safeguards, including the same proposed remote deposition protocol transmitted to Defendant.

13. I remain willing to confer in good faith regarding deposition dates, sequencing, remote deposition procedures, court-reporter logistics, electronic exhibits, topic narrowing, and coordination of non-party discovery.

14. I do not stipulate to a blanket Plaintiff-first deposition sequence, a blanket in-person Chicago deposition requirement, or any stay, deferral, phasing, or conditioning of oral discovery absent stipulation or Court order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8, 2026.

/s/ Romit Chakraborty
Romit Chakraborty, Ph.D.

Dated: July 8, 2026

## INDEX OF EXHIBITS

**Exhibit 1**: Plaintiff's July 5, 2026, Notice of Oral Deposition of Defendant Laura Gagliardi by Remote Videoconference

**Exhibit 2**: Plaintiff's July 5, 2026, Proposed Rule 30(b)(4) Remote Deposition Stipulation and Protocol

**Exhibit 3**: Plaintiff's July 5, 2026, Local Rule 37.2 Meet-and-Confer Agenda and Discovery Dispute Matrix

**Exhibit 4**: Plaintiff's July 8, 2026, Final Request for Comments on Joint Status Report and Discovery Plan

**Exhibit 5**: Plaintiff's July 8, 2026, Final Request for Position on Rule 30(b)(4) Stipulation, Deposition Notice, and Local Rule 37.2 Conferral

# Exhibit 1

## July 5 deposition notice

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D. | ) ) ) | **United States District Court** **Northern District of Illinois** |
| | ) | |
| | ) | **Chakraborty v. Gagliardi** |
| Plaintiff, | ) | Case No. 1:26-cv-00106 |
| | ) | Judge Hon. Jorge L. Alonso |
| v. | ) | Magistrate Judge: Hon. Albert Berry, III |
| | ) | |
| LAURA GAGLIARDI | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S NOTICE OF ORAL DEPOSITION OF DEFENDANT LAURA**

**GAGLIARDI BY REMOTE VIDEOCONFERENCE**

TO: Defendant Laura Gagliardi,

by and through her counsel of record,

Caroline Kneafsey Vickrey, and

Georgia Anne Arvanitis,

Johnson & Bell, Ltd.,

33 W. Monroe Street, Suite 2700,

Chicago, Illinois 60603.

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiff

Romit Chakraborty, pro se, will take the deposition upon oral examination of Defendant LAURA

GAGLIARDI on August 18, 2026, beginning at 9:30 a.m. Central Time.

The deposition shall proceed by remote videoconference, using Zoom or another secure

videoconference platform provided by the court-reporting service, pursuant to Federal Rule of

Civil Procedure 30(b)(4), by stipulation of the parties or court order. This Notice also constitutes Plaintiff's written request that Defendant stipulate to the deposition proceeding by remote videoconference.

The deposition will be taken before a certified shorthand reporter, notary public, or other officer authorized to administer oaths. The deposition will be recorded by stenographic means and by audiovisual recording. The court reporter or court-reporting service shall circulate the secure videoconference link and attendance instructions before the deposition.

The deponent, counsel, Plaintiff, the court reporter, and any videographer may appear remotely from separate locations. For purposes of Rule 30(b)(4) and Rule 28(a), the deposition shall be deemed taken where the deponent answers the questions under oath.

The deposition will continue from day to day until completed, subject to the seven-hour limit of Federal Rule of Civil Procedure 30(d)(1), unless otherwise stipulated or ordered by the Court. Exhibits may be marked and presented electronically during the deposition. Plaintiff reserves the right to use documents, electronically stored information, pleadings, court filings, correspondence, publications, webpages, declarations, exhibits, and other materials relevant to the claims and defenses in this action. Presentation or non-presentation of any exhibit during the deposition shall not constitute a waiver of any right, objection, claim, argument, or use of that material.

This Notice is served after the parties' Rule 26(f) conference. Plaintiff does not stipulate to any requirement that Plaintiff's deposition proceed first, nor to any requirement that depositions proceed in person in Chicago. Plaintiff reserves all rights under Federal Rule of Civil Procedure 26(d)(3), including the right to proceed with discovery in any sequence absent stipulation or court order.

If Defendant objects to the date, time, remote format, recording method, or sequencing of this deposition, Plaintiff requests that Defendant state her position in writing and promptly meet and confer under Local Rule 37.2. Plaintiff further reserves all rights to oppose any motion for protective order or to seek appropriate relief from the Court.

Respectfully submitted,

Dated: July 5, 2026

/s/ Romit Chakraborty

Romit Chakraborty, Ph.D.

Plaintiff, pro se

2261 Market Street, STE 72927

San Francisco, CA 94114

Telephone: (773) 816-8338

Email: romit.chakraborty@gmail.com

# CERTIFICATE OF SERVICE

I certify that on July 5, 2026, I served the foregoing Plaintiff's Notice of Oral Deposition of Defendant Laura Gagliardi by Remote Videoconference on counsel of record for Defendant Laura Gagliardi by electronic mail addressed to:

Caroline Kneafsey Vickrey

vickreyc@jbltd.com

Georgia Anne Arvanitis

arvanitisg@jbltd.com

Dated: July 5, 2026

/s/ Romit Chakraborty

Romit Chakraborty, Ph.D.

Plaintiff, pro se

# Exhibit 2

## July 5 Proposed Rule 30(b)(4) Protocol

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D. | ) ) ) | **United States District Court** **Northern District of Illinois** |
| | ) | **Chakraborty v. Gagliardi** |
| Plaintiff, | ) | Case No. 1:26-cv-00106 |
| | ) | Judge Hon. Jorge L. Alonso |
| v. | ) | Magistrate Judge: Hon. Albert Berry, III |
| | ) | |
| LAURA GAGLIARDI | ) ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED STIPULATION AND PROTOCOL FOR REMOTE DEPOSITIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(4)**

Plaintiff Romit Chakraborty and Defendant Laura Gagliardi, by and through counsel, stipulate as follows regarding remote depositions in this action pursuant to Federal Rule of Civil Procedure 30(b)(4), subject to further stipulation or Court order:

1. Remote Deposition Format

The parties stipulate that depositions in this action may proceed by remote videoconference pursuant to Federal Rule of Civil Procedure 30(b)(4), using Zoom or another secure videoconference platform provided by the court-reporting service.

2. Officer and Oath

Each deposition shall be taken before a certified court reporter, notary public, or other officer authorized to administer oaths. The officer may administer the oath remotely to the deponent by videoconference. For purposes of Federal Rules of Civil Procedure 28(a), 30(b)(4), 37(a)(2), and 37(b)(1), the deposition shall be deemed taken where the deponent answers the questions under oath.

3.  Recording Method

Unless otherwise agreed or ordered, each deposition shall be recorded stenographically by the certified court reporter and by audiovisual recording. No participant may make any separate audio, video, screen, or other recording of the deposition except as stated in the deposition notice, stipulated by the parties, or ordered by the Court.

4.  Attendance and Identification of Participants

At the beginning of each deposition, all persons attending shall identify themselves on the record. No person may attend, observe, assist, or communicate with the deponent during the deposition unless that person is identified on the record or otherwise agreed by the parties.

5.  Deponent Location and Room Conditions

The deponent shall appear by video from a quiet, private location with adequate lighting, functioning camera, microphone, and internet connection. The deponent shall confirm on the record that the deponent can hear and see the participants, understands the oath, and is able to proceed.

Upon request, the deponent shall identify who is physically present in the room. No undisclosed person may be present with the deponent during questioning.

6.  Communications During Questioning

During active questioning, the deponent shall not communicate off the record with counsel or any other person by text message, chat, email, phone, messaging application, handwritten note, or any other means, except as necessary to address privilege, technical issues, breaks, or other matters permitted by the Federal Rules of Civil Procedure.

Nothing in this protocol prevents counsel from making proper objections on the record or from conferring with the deponent during breaks consistent with applicable law and the Federal Rules of Civil Procedure, provided that no break is used to avoid answering a pending question.

7. Exhibits

Exhibits may be marked, exchanged, displayed, and used electronically through the court-reporting service, secure exhibit platform, screen-sharing, email, or another method agreed by the parties.

The examining party may present exhibits electronically during the deposition. The court reporter shall mark exhibits in sequence, and the parties shall cooperate to ensure that the court reporter receives the exhibits necessary to prepare the transcript.

No party waives any objection to authenticity, admissibility, relevance, privilege, confidentiality, completeness, or foundation by agreeing to electronic exhibit presentation.

8. Breaks

Breaks may be taken at reasonable intervals. Before any break, the questioning party or attorney may request that a pending question be answered. The start and end of each break should be stated on the record where practicable.

9. Technical Interruptions

If a participant loses video, audio, internet connectivity, or access to exhibits in a manner that materially impairs participation, the deposition shall pause until the issue is resolved. The parties and court reporter shall state on the record, where practicable, the nature and duration of any material interruption.

10. Safeguards Against Off-Camera Assistance

Upon reasonable request, the deponent shall confirm on the record that the deponent is not receiving undisclosed assistance, communications, notes, prompts, or messages during questioning. The deponent shall not review documents, notes, messages, webpages, electronic files, or other materials during questioning unless disclosed on the record or presented as an exhibit.

11. Confidentiality and Protective Orders

Nothing in this protocol modifies any existing confidentiality obligation, protective order, HIPAA-qualified protective order, privilege, work-product protection, or right to seek such protection. The parties reserve all rights to confer regarding a confidentiality order, HIPAA-qualified protective order, Federal Rule of Evidence 502(d) order, or other protective procedures.

12. Objections and Reservation of Rights

All objections are preserved except as otherwise provided by the Federal Rules of Civil Procedure. Stipulating to remote deposition procedures does not waive any objection to the relevance, proportionality, scope, timing, sequencing, location, or admissibility of any deposition testimony or exhibit.

13. Deposition Duration

Each deposition remains subject to the time limits of Federal Rule of Civil Procedure 30(d)(1), unless otherwise stipulated or ordered by the Court.

14. No Waiver of Sequencing Positions

This stipulation concerns the procedure for taking depositions remotely. It does not constitute an agreement that any particular deposition must proceed first, nor does it waive any party's position regarding deposition sequencing, scheduling, scope, or the need for any particular deposition.

15. Court Relief

If the parties cannot agree regarding remote deposition format, sequencing, location, timing, scope, or related procedures, the parties shall meet and confer in good faith consistent with Local Rule 37.2 before seeking Court relief, unless emergency circumstances make such consultation impracticable.

SO STIPULATED.

Dated: July 5, 2026

/s/ Romit Chakraborty

Romit Chakraborty, Ph.D.

Plaintiff, pro se

2261 Market Street, STE 72927

San Francisco, CA 94114

Telephone: (773) 816-8338

Email: romit.chakraborty@gmail.com

Dated: _____, 2026

/s/ _____

Caroline Kneafsey Vickrey

Georgia Anne Arvanitis

Johnson & Bell, Ltd.

33 W. Monroe Street, Suite 2700

Chicago, Illinois 60603

Telephone: (312) 372-0770

Email: vickreyc@jbltd.com

Email: [arvanitisg@jbltd.com](mailto:arvanitisg@jbltd.com)

Counsel for Defendant Laura Gagliardi

Page 6 of 6
*Page 21 of 41*

# Exhibit 3

## Local Rule 37.2 Matrix

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D. | ) ) ) ) | **United States District Court** **Northern District of Illinois** |
| | ) | **Chakraborty v. Gagliardi** |
| Plaintiff, | ) | Case No. 1:26-cv-00106 |
| | ) | Judge Hon. Jorge L. Alonso |
| v. | ) | Magistrate Judge: Hon. Albert Berry, III |
| | ) | |
| LAURA GAGLIARDI | ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S LOCAL RULE 37.2 MEET-AND-CONFER AGENDA AND DISCOVERY DISPUTE MATRIX

Plaintiff provides the following issue matrix to facilitate a good-faith Local Rule 37.2 meet-and-confer, narrow the parties' discovery disputes, identify proposed compromises, and avoid unnecessary motion practice. Plaintiff reserves all rights and objections. This matrix is submitted for conferral purposes only and does not constitute a waiver, stipulation, or concession regarding discovery sequencing, deposition format, deposition location, relevance, proportionality, privilege, confidentiality, or admissibility.

**ISSUE 1: Remote Deposition Format**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(c), 30(b)(4), 30(d)(1), and Local Rule 37.2.

Plaintiff's Position:

Depositions in this action should proceed by remote videoconference where appropriate. Remote

deposition is proportional, efficient, and adequate for sworn testimony, stenographic transcription, audiovisual recording, electronic exhibit presentation, participant identification, and record integrity.

Defendant's Apparent Position:

Defendant does not presently stipulate to remote deposition format and has indicated a preference for in-person depositions in Chicago.

Plaintiff's Proposed Compromise:

Adopt a Rule 30(b)(4) remote deposition protocol using a certified court reporter, secure videoconference platform, audiovisual recording, stenographic transcript, electronic exhibit handling, identity confirmation, and safeguards against undisclosed off-camera communications.

Specific Relief if Impasse Remains:

An order permitting depositions to proceed by remote videoconference under a court-approved protocol.

**ISSUE 2: Deposition Sequencing**

Applicable Rules:

Federal Rules of Civil Procedure 26(d)(3), 26(c), 30, and Local Rule 37.2.

Plaintiff's Position:

There is no automatic rule requiring Plaintiff's deposition to proceed first. Discovery may proceed in any sequence absent stipulation or Court order. Plaintiff does not stipulate to any requirement that his deposition proceed before Defendant's deposition or before non-party discovery.

Defendant's Apparent Position:

Defendant appears to contend that Plaintiff's deposition should proceed first to narrow the scope of other depositions.

Plaintiff's Proposed Compromise:

The parties should sequence depositions after core document and ESI production begins, whilst allowing scheduling-sensitive party or non-party depositions to be noticed earlier where appropriate. The parties should confer witness-by-witness rather than impose a blanket Plaintiff-first rule.

Specific Relief if Impasse Remains:

An order denying any blanket Plaintiff-first sequencing requirement and permitting discovery to proceed in a reasonable sequence under Rule 26(d)(3).

**ISSUE 3: Deposition of Defendant Laura Gagliardi**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(d)(3), 30(b)(1), 30(b)(4), 30(d)(1), and Local Rule 37.2.

Plaintiff's Position:

Plaintiff has noticed Defendant Laura Gagliardi's oral deposition by remote videoconference and requested a Rule 30(b)(4) stipulation. Defendant is a central fact witness. Her testimony is directly relevant to title/status, statements to third parties, performance assertions, research scope, publication/research-use issues, communications with Martin Head-Gordon, communications with University personnel, and communications concerning PsiQuantum-related matters.

Defendant's Apparent Position:

Defendant appears to oppose remote format and may seek to require Defendant's deposition to proceed in person in Chicago, after Plaintiff's deposition.

Plaintiff's Proposed Compromise:

Maintain the noticed date or confer regarding a mutually convenient date close in time, with the deposition proceeding remotely under the proposed Rule 30(b)(4) protocol.

Specific Relief if Impasse Remains:

An order permitting Defendant Gagliardi's deposition to proceed remotely under Rule 30(b)(4), without imposing a blanket requirement that Plaintiff's deposition proceed first.

**ISSUE 4: Plaintiff's Deposition**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(c), 30(b)(1), 30(b)(4), 30(d)(1), and Local Rule 37.2.

Plaintiff's Position:

Plaintiff is not refusing deposition. Plaintiff objects to any unilateral requirement that his deposition proceed first or in person in Chicago. Plaintiff is willing to appear by remote videoconference under the same safeguards proposed for other depositions.

Defendant's Apparent Position:

Defendant appears to contend that Plaintiff's deposition should proceed first and in person in Chicago.

Plaintiff's Proposed Compromise:

Plaintiff will sit for deposition by remote videoconference under a certified court-reporter protocol,

with audiovisual recording, stenographic transcription, electronic exhibit presentation, and safeguards against improper communications.

Specific Relief if Impasse Remains:

A protective order preventing unnecessary in-person Chicago deposition of Plaintiff and permitting Plaintiff's deposition to proceed remotely under a uniform remote deposition protocol.

**ISSUE 5: Non-Party Depositions and Rule 45 Subpoenas**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(c), 30, 37, 45, and Local Rule 37.2.

Plaintiff's Position:

Non-party witnesses may possess relevant first-hand information concerning Plaintiff's title/status, research activity, group classification, performance assertions, communications with Defendant, communications involving Martin Head-Gordon, and related events. Plaintiff reserves the right to proceed under Rule 45 where voluntary scheduling is not feasible.

Defendant's Apparent Position:

Defendant appears to contend that non-party depositions should be deferred, sequenced after Plaintiff's deposition, and conducted in person in Chicago for Chicago-area witnesses.

Plaintiff's Proposed Compromise:

The parties should confer witness-by-witness regarding relevance, scope, date, duration, subpoena procedure, remote format, and reasonable limits. Plaintiff is willing to defer non-urgent non-party depositions until after initial core document and ESI production begins, without agreeing to a blanket stay or Chicago-only rule.

Specific Relief if Impasse Remains:

An order permitting properly noticed and subpoenaed non-party depositions to proceed remotely or by other reasonable means, subject to witness-specific proportionality and burden considerations.

ISSUE 6: Oral Discovery Stay or Stay-by-Sequencing

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(c), 26(d)(3), 30, 37, and Local Rule 37.2.

Plaintiff's Position:

Plaintiff does not agree to a blanket stay of oral discovery, third-party discovery, subpoenas, or depositions pending the pending Rule 12(b)(6) motion or any Rule 15 motion. Nor does Plaintiff agree to a stay-by-sequencing that functionally prevents Plaintiff from obtaining party or non-party testimony.

Defendant's Apparent Position:

Defendant previously sought a stay of oral discovery and may renew efforts to defer or condition oral discovery through sequencing, location, or format restrictions.

Plaintiff's Proposed Compromise:

The parties may reasonably sequence depositions around core document production, ESI production, and witness availability, but should not impose a blanket stay or categorical bar on oral discovery.

Specific Relief if Impasse Remains:

An order confirming that oral discovery may proceed subject to ordinary relevance, proportionality, and protective-order limits, without a blanket stay.

**ISSUE 7: ESI Preservation, Custodians, Sources, and Search Protocol**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(e), 34, 37(e), and Local Rule 37.2.

Plaintiff's Position:

ESI is central to the case. Relevant sources may include University email, archived email, calendars, text messages, iMessages, cloud accounts, personal devices used for relevant communications, website-change records, draft communications, and records concerning Plaintiff's title/status, research, performance, publication/research-use issues, communications with Martin Head-Gordon, and PsiQuantum-related communications.

Defendant's Apparent Position:

Defendant has not yet provided a sufficiently specific ESI custodian/source/search protocol.

Plaintiff's Proposed Compromise:

The parties should exchange ESI custodian lists, source descriptions, proposed date ranges, search terms, production format preferences, metadata fields, and privilege-log proposals. The parties should confer regarding whether a formal ESI protocol and Rule 502(d) order are necessary.

Specific Relief if Impasse Remains:

An order requiring the parties to identify custodians, ESI sources, preservation steps, search methodology, production format, and a schedule for rolling production.

**ISSUE 8: Supplementation of Written Discovery Responses**

Applicable Rules:

Federal Rules of Civil Procedure 26(e), 33, 34, 36, 37, and Local Rule 37.2.

Plaintiff's Position:

Supplementation is necessary where discovery responses are incomplete, evasive, dependent on later investigation, inconsistent with later-produced documents, or affected by newly identified custodians, witnesses, documents, or ESI sources.

Defendant's Apparent Position:

Defendant has served written responses and may contend that supplementation is not presently required beyond ordinary Rule 26(e) obligations.

Plaintiff's Proposed Compromise:

Set a date certain for supplementation of existing written discovery responses and production of responsive non-privileged documents, with rolling production to begin promptly.

Specific Relief if Impasse Remains:

An order setting a supplementation deadline and requiring rolling production of responsive non-privileged materials.

**ISSUE 9: Private Records, Medical Records, and HIPAA-Qualified Protective Procedures**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(c), 34, 37, Local Rule 37.2, and applicable HIPAA procedures.

Plaintiff's Position:

Plaintiff objects to overbroad discovery into private, medical, mental-health, prescription, educational, employment, financial, social-media, and personal records beyond what is relevant and proportional to

the claims and defences. Any medical or mental-health discovery must be appropriately limited and protected.

Defendant's Apparent Position:

Defendant has served broad discovery seeking, among other things, medical, prescription, employment, educational, income, social-media, and other private records.

Plaintiff's Proposed Compromise:

The parties should narrow categories, date ranges, custodians, and subject matter. Any medical or mental-health production should proceed only through an appropriate HIPAA-qualified protective order and subject to relevance and proportionality limits.

Specific Relief if Impasse Remains:

An order limiting overbroad private-record discovery and requiring appropriate protective procedures before any medical or mental-health records are produced.

**ISSUE 10: Protective Orders, Confidentiality, and Rule 502(d)**

Applicable Rules:

Federal Rules of Civil Procedure 26(c), 26(f), Federal Rule of Evidence 502(d), Local Rule 37.2, and applicable standing orders.

Plaintiff's Position:

A confidentiality agreement, protective order, HIPAA-qualified protective order, ESI protocol, privilege-log protocol, and/or Rule 502(d) order may assist orderly discovery if narrowly drafted and not used to obstruct relevant discovery.

Defendant's Apparent Position:

Defendant may seek protective procedures concerning private records, institutional records, medical records, ESI, and deposition materials.

Plaintiff's Proposed Compromise:

The parties should confer regarding narrowly tailored protective procedures, including a model confidentiality order, HIPAA-qualified protective order, and Rule 502(d) clawback order.

Specific Relief if Impasse Remains:

Entry of narrowly tailored protective procedures that protect legitimate confidentiality interests without staying, deferring, or unduly narrowing relevant discovery.

**ISSUE 11: Scope of Performance, Research, Title, and Publication/Research-Use Discovery**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(c), 30, 34, 37, 45, and Local Rule 37.2.

Plaintiff's Position:

Discovery concerning Plaintiff's title/status, staff/researcher classification, research activity, technical output, publication/research-use issues, performance assertions, and professional suitability is relevant to claims and defences, including falsity, truth, opinion, privilege, causation, damages, and mitigation.

Defendant's Apparent Position:

Defendant may contend that some of these subjects are overbroad, privileged, non-actionable opinion, or unnecessary pending the motion to dismiss.

Plaintiff's Proposed Compromise:

The parties should identify specific disputed categories and confer on targeted date ranges, custodians,

witnesses, and document types. Plaintiff is willing to narrow overbroad formulations, but does not agree that these subjects are categorically outside discovery.

Specific Relief if Impasse Remains:

An order permitting discovery into specific performance, research, title/status, and publication/research-use topics that are relevant and proportional to the claims and defences.

## ISSUE 12: Communications with Martin Head-Gordon

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(e), 30, 34, 37, 45, and Local Rule 37.2.

Plaintiff's Position:

Communications between Defendant and Professor Martin Head-Gordon are central to the claims and defences. Plaintiff seeks discovery into the timing, content, factual basis, recipients, and effects of those communications, including communications concerning Plaintiff's performance, research activity, title/status, professional suitability, honesty, PsiQuantum employment, reference support, and post-University professional prospects.

Defendant's Apparent Position:

Defendant may contend that such communications are privileged, opinion, irrelevant, or premature pending the motion to dismiss.

Plaintiff's Proposed Compromise:

The parties should identify specific communications, custodians, date ranges, privilege assertions, and production status. Plaintiff is willing to discuss reasonable sequencing, but does not agree to categorical deferral of discovery concerning Professor Head-Gordon.

Specific Relief if Impasse Remains:

An order requiring production or supplementation concerning non-privileged communications with Professor Head-Gordon and permitting deposition testimony concerning those communications.

**ISSUE 13: Communications Concerning PsiQuantum**

Applicable Rules:

Federal Rules of Civil Procedure 26(b)(1), 26(e), 30, 34, 37, 45, and Local Rule 37.2.

Plaintiff's Position:

Communications concerning PsiQuantum are relevant to causation, professional network harm, prospective economic advantage, Defendant's knowledge, timing, damages, mitigation, and the overlap between Defendant's professional ecosystem and Plaintiff's employment/professional prospects.

Defendant's Apparent Position:

Defendant may contend that communications with PsiQuantum concerning collaborations are unrelated to Plaintiff and that Defendant did not communicate with PsiQuantum personnel concerning Plaintiff.

Plaintiff's Proposed Compromise:

The parties should confer regarding targeted custodians, date ranges, search terms, and non-privileged communications involving PsiQuantum personnel, NQAC, related collaborations, and any communications concerning Plaintiff.

Specific Relief if Impasse Remains:

An order requiring targeted search, production, supplementation, and deposition testimony regarding relevant non-privileged PsiQuantum-related communications.

**ISSUE 14: Form of Future Deposition Notices and Subpoena Coordination**

Applicable Rules:

Federal Rules of Civil Procedure 30(b)(1), 30(b)(4), 37, 45, and Local Rule 37.2.

Plaintiff's Position:

Plaintiff is willing to confer before serving additional deposition notices or subpoenas where practicable, but does not agree that Defendant may veto Plaintiff's lawful discovery or impose a blanket pre-notice approval requirement.

Defendant's Apparent Position:

Defendant may seek an order requiring the parties to confer regarding the scheduling and sequence of any deposition before any deposition is noticed.

Plaintiff's Proposed Compromise:

The parties should exchange proposed deposition witnesses, estimated duration, proposed date ranges, remote/in-person positions, and any known scheduling constraints before formal service where practicable, without waiving the right to notice or subpoena depositions under the Federal Rules.

Specific Relief if Impasse Remains:

An order requiring reasonable pre-notice conferral on scheduling logistics only, without giving either party a veto over otherwise proper discovery.

**ISSUE 15: Requested Rule 37.2 Conference Outcome**

Applicable Rules:

Federal Rules of Civil Procedure 26, 30, 34, 37, 45, Local Rule 37.2, and applicable standing orders.

Plaintiff's Position:

The parties should leave the Rule 37.2 conference with a concrete list of agreed issues, disputed issues, proposed dates, proposed protocols, and any narrowed disputes that may require Court supervision.

Defendant's Apparent Position:

To be stated by Defendant.

Plaintiff's Proposed Compromise:

At the conclusion of the Rule 37.2 conference, the parties should identify: agreed deposition procedures; disputed deposition procedures; proposed deposition sequence; ESI conferral deadlines; supplementation deadlines; protective-order issues; and any specific relief either party intends to seek.

Specific Relief if Impasse Remains:

Permission for the parties to present only narrowed, issue-specific discovery disputes to the Court, with a Rule 37.2 certificate accurately stating the date, duration, participants, format, and unresolved issues.

Respectfully submitted for purposes of Local Rule 37.2 conferral,


Dated: July 5, 2026


*/s/ Romit Chakraborty*

Romit Chakraborty, Ph.D.

Plaintiff, pro se

2261 Market Street, STE 72927

San Francisco, CA 94114

Telephone: (773) 816-8338

Email: romit.chakraborty@gmail.com

# Exhibit 4

## July 8 status report follow-up email

 

## Final Request for Comments on Joint Status Report and Discovery Plan

1 message

**Romit Chakraborty** <romit.chakraborty@gmail.com>                                    8 July 2026 at 06:35
To: "Caroline K. Vickrey" <vickreyc@jbltd.com>, "Georgia A. Arvanitis" <arvanitisg@jbltd.com>, Jennifer Saccuci
<saccucij@jbltd.com>, Bobbi Wilson <wilsonb@jbltd.com>
Cc: Romit Chakraborty <romit@pointreyessound.com>

Esteemed Counsel,

Plaintiff follows up regarding the draft Joint Status Report and Discovery Plan circulated to Defendant on July 1, 2026.

Earlier today, Plaintiff attempted to reach Ms. Vickrey by telephone regarding this time-sensitive filing issue and left a voicemail requesting Defendant's written response.

As of this morning, July 8, 2026, Plaintiff has not received any acknowledgement, comments, redlines, proposed revisions, alternative draft, or indication that Defendant intends to participate in finalising the Joint Status Report before the July 10, 2026 deadline.

Because Plaintiff is proceeding pro se and must ensure timely filing, Plaintiff intends to finalise the filing package by July 9, 2026 at 12:00 p.m. Central Time. Please provide Defendant's comments, redlines, proposed revisions, or alternative draft by July 9, 2026 at 10:00 a.m. Central Time.

If Plaintiff does not receive Defendant's response by that time, Plaintiff will proceed on the understanding that Defendant has not provided comments or proposed revisions to the July 1 draft, and Plaintiff will preserve all rights to notify the Court of the procedural history, including Plaintiff's circulation of the draft, Plaintiff's telephone follow-up, the absence of Defendant's response, and Plaintiff's best understanding of the parties' respective positions based on the Rule 26(f) conference and prior filings.

Plaintiff remains willing to incorporate Defendant's timely comments, identify disputed language where appropriate, or file a version that accurately reflects any timely stated positions from Defendant.

Regards,

Romit Chakraborty
Romit Chakraborty, Ph.D.
Quantum Chemistry | Artificial Intelligence
M.S. (2013), Ph.D. (2017), University of Chicago
Google Scholar | LinkedIn | Portfolio | GitHub

# Exhibit 5

July 8 Deposition/Rule 30(b)(4)/Local Rule 37.2 follow-up

 

# Final Request for Position on Rule 30(b)(4) Stipulation, Deposition Notice, and Local Rule 37.2 Conferral

1 message

**Romit Chakraborty** <romit.chakraborty@gmail.com>      8 July 2026 at 06:33
To: "Caroline K. Vickrey" <vickreyc@jbltd.com>, "Georgia A. Arvanitis" <arvanitisg@jbltd.com>, Jennifer Saccuci <saccucij@jbltd.com>, Bobbi Wilson <wilsonb@jbltd.com>
Cc: Romit Chakraborty <romit@pointreyessound.com>

Esteemed Counsel,

Plaintiff follows up regarding Plaintiff's Notice of Oral Deposition of Defendant Laura Gagliardi by Remote Videoconference, Plaintiff's request for a Rule 30(b)(4) stipulation, Plaintiff's proposed Rule 30(b)(4) Remote Deposition Stipulation and Protocol, and Plaintiff's Local Rule 37.2 Meet-and-Confer Agenda and Discovery Dispute Matrix.

Earlier today, Plaintiff also attempted to reach Ms. Vickrey by telephone regarding these time-sensitive issues and left a voicemail requesting Defendant's written response.

As of this morning, July 8, 2026, Plaintiff has not received Defendant's position regarding the noticed deposition, the requested Rule 30(b)(4) stipulation, the proposed remote deposition protocol, deposition sequencing, deposition location, or the proposed Local Rule 37.2 conference.

In light of the July 10, 2026 status-report deadline, and because Plaintiff is proceeding pro se and must finalise his filing materials in advance of that deadline, please state by July 9, 2026 at 10:00 a.m. Central Time whether Defendant:

1. stipulates to the proposed Rule 30(b)(4) remote deposition protocol;
2. proposes redlines or modifications to the protocol;
3. objects to the August 18, 2026 deposition date;
4. objects to remote format;
5. contends that Plaintiff's deposition must proceed first;
6. contends that any deposition must proceed in person in Chicago; or
7. agrees to confer under Local Rule 37.2 regarding these issues.

Plaintiff does not withdraw the Notice of Oral Deposition of Defendant Laura Gagliardi. Plaintiff does not stipulate to Plaintiff-first sequencing, in-person Chicago depositions, or any stay, deferral, phasing, or conditioning of oral discovery absent stipulation or Court order.

Plaintiff remains willing to confer in good faith regarding reasonable dates, witness-specific sequencing, remote deposition safeguards, court-reporter logistics, electronic exhibits, and any specific objections Defendant identifies.

If Defendant seeks to prevent, defer, resequence, relocate, or condition the noticed deposition or oral discovery, Plaintiff understands that Defendant will seek appropriate relief only after compliance with Local Rule 37.2 and applicable procedures. If Defendant does not provide a position by the deadline above, Plaintiff will proceed on the understanding that Defendant has not timely stated its position on these issues for purposes of Plaintiff's July 10 status-report filing and related discovery-planning disclosures.

Regards,

Romit Chakraborty

Romit Chakraborty, Ph.D.
Quantum Chemistry | Artificial Intelligence
M.S. (2013), Ph.D. (2017), University of Chicago
Google Scholar | LinkedIn | Portfolio | GitHub