

FILED
7/9/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, | ) | |
| | ) | Case No. 26-cv-00106 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Jorge L. Alonso |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Albert Berry, III |
| LAURA GAGLIARDI, | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT RULE 26(f) REPORT AND DISCOVERY PLAN PURSUANT TO THE COURT'S MINUTE ORDER AND MAGISTRATE JUDGE BERRY III'S STANDING ORDER

Plaintiff Romit Chakraborty and Defendant Laura Gagliardi submit this Joint Rule 26(f) Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f)(3), the Court's minute order requiring a Rule 26(f) report and discovery plan by July 10, 2026, and Magistrate Judge Berry III's Standing Order for Initial Joint Status Reports.

Where the parties disagree, their respective positions are set forth separately.

1. **Description of Claims and Relief Sought**

Plaintiff's Position:

Plaintiff brings claims for fraudulent inducement, defamation per se, tortious interference with prospective economic advantage, and intentional infliction of emotional distress. The claims arise from Defendant's alleged statements and conduct concerning Plaintiff's title,

research role, performance, professional reputation, publication/research status, and professional opportunities.

Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff seeks compensatory damages, presumed damages where available, special damages including lost professional opportunities, emotional-distress damages, punitive damages where available, costs, and other appropriate relief. Plaintiff also anticipates that any meaningful settlement discussion may need to address non-monetary relief, including correction, non-disparagement, non-interference, reference-related protections, publication/research-use protections, confidentiality, tax treatment, and release scope.

Plaintiff's damages categories include, without limitation: lost professional opportunities; reputational harm; reference-network harm; publication/research-use harm; emotional-distress damages; physical-distress damages; medical-related damages; mitigation costs; and other consequential damages to be developed through discovery.

Plaintiff's professional harm is concrete because his career depended on a narrow, reputation-sensitive scientific network, and the alleged statements and conduct impaired his access to that network, his key academic reference, his research/publication pathway, and his ability to secure comparable opportunities.

Defendant's Position:

Plaintiff's claims related to his brief employment as a researcher in Dr. Laura Gagliardi's research lab for less than one year, before he left for a job at a tech company in California. Defendant Dr. Laura Gagliardi has filed a Rule 12(b)(6) Motion to Dismiss as to all claims in

Plaintiff's Amended Complaint, on the grounds that the documents attached to Plaintiff's own Amended Complaint defeat his own claims in their entirety. The motion is fully briefed and awaiting ruling by Judge Alonso and may potentially dispose of some or all of the claims in this case.

2. **Referral Cases**

The case has been referred to Magistrate Judge Albert Berry III for discovery supervision and settlement.

Plaintiff's Position:

Plaintiff understands the referral to include discovery supervision, including written discovery, ESI, production issues, deposition sequencing, third-party discovery, protective-order issues, discovery-dispute procedures, and settlement-related proceedings.

Plaintiff welcomes active discovery supervision so long as discovery proceeds under the Federal Rules, Local Rule 37.2, proportionality principles, and any specific orders entered by the Court.

Defendant's Position:

Defendant seeks assistance from the Magistrate Judge in the monitoring of discovery in order to control costs of this litigation to make this litigation fair, equitable and streamlined. Defendant Dr. Laura Gagliardi is an individual research scientist, not a large corporation with unlimited resources, and Plaintiff, who is a *pro se* individual living in SanFrancisco, has been sending almost daily lengthy emails and correspondence, filing lengthy complicated motions and is driving up the cost of defense of this fairly straightforward employment case. Plaintiff

has not yet completed his answers written discovery yet he has issued requests for the depositions of Defendant and multiple fact witnesses, forcing Defendant to seek the intervention of this Court to enforce the order and terms of the litigation process. Defendant urges this Court to take an active role in the discovery process to help control costs of this litigation.

3. **Discovery Schedule**

Plaintiff's Position:

The April 22, 2026 Joint Initial Status Report filed before Judge Alonso contained proposed discovery timelines from both sides. The case has now been referred for discovery supervision and settlement, and the Court has ordered a Rule 26(f) report with a discovery plan.

**A.** Rule 26(a)(1) Disclosures

The parties have exchanged Rule 26(a)(1) initial disclosures. Plaintiff reserves the right to seek supplementation of disclosures as additional witnesses, custodians, documents, ESI sources, insurance/self-insurance information, damages information, and other discoverable materials are identified.

**B.** Date to Issue Written Discovery Requests

Written discovery has been issued by both sides. Plaintiff has served multiple sets of interrogatories, requests for production, and requests for admission. Defendant has served interrogatories and requests for production on Plaintiff.

Additional written discovery should be permitted consistent with the Federal Rules and any scheduling order entered by the Court. Plaintiff does not understand the pendency of Defendant's Rule 12(b)(6) motion, or any anticipated Rule 15 motion, to stay discovery

absent stipulation or Court order. Plaintiff further does not agree that the pendency of any dispositive or pleading motion imposes a mandatory sequence in which discovery must occur. Plaintiff remains willing to discuss reasonable sequencing, but does not agree to a stay-by-sequencing, blanket Plaintiff-first deposition requirement, or categorical deferral of third-party discovery.

**C.** Subjects on Which Discovery Is Needed

Plaintiff anticipates discovery concerning:

**i.** Plaintiff's title, status, classification, website listing, and institutional records concerning Plaintiff's role in Defendant's group;

**ii.** Defendant's communications with Professor Martin Head-Gordon concerning Plaintiff, Plaintiff's performance, Plaintiff's reputation, Plaintiff's suitability, or Plaintiff's professional prospects;

**iii.** Defendant's communications with University of Chicago administrators, staff, records custodians, HR personnel, website personnel, IT personnel, or other institutional actors concerning Plaintiff;

**iv.** Defendant's communications with PsiQuantum personnel, including Arvin Kakekhani, concerning Plaintiff, Plaintiff's transition to PsiQuantum, Plaintiff's research, professional prospects, or projects referenced in the pleadings;

**v.** communications and records concerning Plaintiff's research, publication/research materials, professional use of research, publication requests, restrictions, objections, or non-objection issues;

**vi.** communications and records concerning Plaintiff's access to University of Chicago email, data, computational resources, repositories, group files, or other research resources;

**vii.** records and testimony concerning Defendant's factual basis for any statements or contentions about Plaintiff's performance, teamwork, focus on LLMs, honesty, suitability for academia or industry, research output, publications, or professional reputation;

**viii.** damages, causation, mitigation, lost opportunities, reference harm, publication/research harm, emotional distress, physical distress, and medical issues placed at issue;

**ix.** Defendant's defenses, including causation, truth, opinion, privilege, lack of damages, mitigation, and any contention that other events caused Plaintiff's alleged harms.

**D.** Existing Discovery Disputes and Meet-and-Confer Schedule

Plaintiff proposes that the parties meet and confer regarding existing discovery deficiencies, ESI, private-record discovery, and protective-order issues no later than July 21, 2026. Plaintiff identifies the following issues for meet-and-confer and, if necessary, judicial supervision:

**i.** Defendant's responses concerning communications with Professor Martin Head-Gordon;

**ii.** Defendant's responses concerning communications with PsiQuantum personnel, including RFA Nos. 22 and 26 and related interrogatory and document-production responses;

**iii.** Defendant's assertion that discussions with PsiQuantum began only in 2026, in light of Plaintiff's position that records indicate relevant earlier communications or references;

**iv.** Defendant's production of limited documents despite broader requests concerning title/status, website updates, performance-related statements, access termination, and publication/research rights;

**v.** whether Defendant has searched and preserved relevant ESI, including personal devices, text messages, iMessages, cloud accounts, calendars, archived email, and University systems;

**vi.** Defendant's discovery requests to Plaintiff seeking broad private records and communications;

**vii.** sequencing of Rule 45 subpoenas and depositions;

**viii.** whether any party seeks to phase or defer oral discovery or third-party discovery pending the MTD or any Rule 15 motion.

Plaintiff does not agree with any implication that Plaintiff's discovery responses are overdue, delinquent, or in violation of Rule 37. Plaintiff will serve responses within the time provided by the Federal Rules and any applicable Court order. Plaintiff also does not agree that service of a deposition notice for Defendant Gagliardi was improper merely because Defendant has requested a Plaintiff-first deposition sequence. No such sequence has been stipulated to or ordered.

Defendant's Position:

Plaintiff has not yet responded to the Interrogatories or Requests to Produce issued by Defendant to Plaintiff. Defendant, meanwhile, has responded to Plaintiff's Requests to Admit, and to Plaintiff's First, Second, Third and Fourth Sets of Interrogatories and Requests to Produce. Defendant requests that this Court issue and order terminating further discovery

requests by Plaintiff until Plaintiff answer discovery propounded to Plaintiff and until Plaintiff presents himself for his own deposition.

**E.** Proposed Discovery Deadlines

The parties' respective positions concerning proposed discovery deadlines are set forth in the table below. Rule 26(a)(1) disclosures have already been exchanged, and written discovery has already been served by both sides. The parties submit their respective positions regarding supplementation, ESI coordination, protective-order issues, rolling production, subpoenas, depositions, treating-physician discovery, and fact discovery completion.

Plaintiff does not agree to a blanket stay of discovery, oral discovery, third-party discovery, subpoenas, or depositions pending resolution of the Motion to Dismiss or any Rule 15 motion. Plaintiff is willing to discuss reasonable sequencing, but not a stay-by-sequencing.

| Event | Plaintiff's Position | Defendant's Position |
|---|---|---|
| Rule 26(a)(1) disclosures | Exchanged. | Completed. |
| First date to issue written discovery requests | Issued by both sides. | Completed. |
| Discovery deficiency/sequencing meet-and-confer | July 20, 2026. | July 20, 2026 |
| ESI custodian/source/search-term conference | July 20, 2026 | July 20, 2026 |
| HIPAA/protective-order conference | July 20, 2026 | July 20, 2026 |
| Deadline for supplementation of existing discovery responses under Rule 26(e) | July 31, 2026. | July 31, 2026 |
| Rolling document and ESI production to begin | July 31, 2026. | July 31, 2026 |

| Exchange ESI and protective order proposals | July 31, 2026. | July 31, 2026 |
|---|---|---|
| Substantial completion of document/ESI production | September 4, 2026. | September 4, 2026 |
| Depositions | To commence after initial core document/ESI production begins; scheduling-sensitive witnesses may be noticed earlier. Plaintiff remains willing to confer regarding witness-specific sequencing, remote format, court-reporter logistics, and Rule 45 coordination. Target: mid-to-late August 2026, subject to Court order and the July 22 hearing. | October 30, 2026 |
| Treating physician discovery | Included within fact discovery only to the extent relevant and proportional, and subject to an appropriate HIPAA-qualified protective order. | November 30, 2026 |
| Completion of fact discovery | October 30, 2026, subject to extension for third-party discovery, ESI, deposition sequencing, or other good cause. | October 30, 2026 |
| Completion of expert discovery | December 15, 2026. | December 15, 2026. |

**4. Consideration of Issues Concerning Electronically Stored Information ("ESI")**

<u>Plaintiff's Position</u>:

Plaintiff believes ESI discovery is central to this case.

Relevant ESI may include emails, text messages, iMessages, direct messages, calendar entries, phone records, cloud backups, archived emails, website-change records, metadata, University of Chicago systems, personal devices or accounts used for relevant communications, and institutional records concerning Plaintiff's title, status, access, research, departure, and website listing.

Plaintiff proposes that the parties confer regarding custodians, systems and sources searched, preservation steps, date ranges, search terms, personal devices and messaging applications, UChicago institutional systems, production format, metadata fields, privilege logs, and whether a formal ESI protocol is necessary.

Plaintiff requests production in native or reasonably usable searchable form with sufficient metadata to identify sender, recipient, cc, bcc, date, time, subject, attachment name, custodian, and source.

Plaintiff's current ESI concerns include whether Defendant has preserved and searched communications involving Professor Martin Head-Gordon, PsiQuantum personnel including Arvin Kakekhani, University of Chicago personnel, Monica Lugo, Ericka Evans, Sharon Bryant, Angela Wilson, Ben Anderson, La Toya Cobbins, relevant records custodians, and any other persons with discoverable information concerning Plaintiff.

Plaintiff also proposes that the parties discuss a privilege-log protocol and a Federal Rule of Evidence 502(d) clawback order or similar procedure to address inadvertent production without waiver.

<u>Defendant's Position</u>:

Defendant has produced all relevant emails and text messages in its possession, which are minimal. The response above is emblematic of the costly discourse in this case to date. Defendant has already provided extensive discovery responses covering the documents and data listed above, most of which were answered in the negative establishing that little such information exists.

5. **Settlement**

Plaintiff's Position:

No formal settlement conference has occurred. Plaintiff is open to court-supervised settlement discussions before Magistrate Judge Berry.

Plaintiff believes a settlement conference may be productive after the parties clarify the scope of discovery, ESI preservation and production, deposition sequencing, and third-party subpoenas. Plaintiff believes meaningful settlement would be aided by core document and ESI production.

Plaintiff anticipates that any meaningful settlement discussion would need to address both monetary and non-monetary relief, including potential correction, non-disparagement, non-interference, reference-related protections, publication/research-use protections, confidentiality, tax treatment, and release scope.

Defendant's Position:

Defendant believes that this case is without merit and is not interested in discussing settlement at this time.

6. **Magistrate Judge Consent**

<u>Plaintiff's Position</u>:

Plaintiff has not consented at this time to Magistrate Judge Berry conducting all further proceedings, including trial and entry of final judgment, under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

<u>Defendant's Position</u>:

Defendant has not yet made a decision as to consent to Magistrate Judge Berry as to proceedings other than discovery.

7. **Pending Motions**

<u>Plaintiff's Position</u>:

Defendant's Rule 12(b)(6) Motion to Dismiss remains pending before Judge Alonso. Plaintiff intends to seek or has sought leave to file a Second Amended Complaint under Rule 15(a)(2).

Defendant previously sought a stay of oral discovery pending resolution of the Rule 12(b)(6) motion. Plaintiff does not agree to any renewed stay of oral discovery.

Defendant's Motion for an Order Governing the Sequence, Location, and Format of Depositions, ECF No. 34, is pending and has been set for hearing before Magistrate Judge Berry on July 22, 2026 at 9:30 a.m. Plaintiff has submitted a Notice regarding Defendant's failure to complete a Local Rule 37.2 conference before filing ECF No. 34. Plaintiff remains willing to confer under Local Rule 37.2 regarding deposition sequencing, location, format, scheduling, Rule 30(b)(4) procedures, and non-party deposition coordination. Plaintiff

reserves the right to seek discovery relief after good-faith meet-and-confer under Local Rule 37.2 if disputes are not resolved.

Plaintiff does not agree with Defendant's characterization of Plaintiff's financial condition, including the phrase "of means," and preserves all objections to unsupported assertions concerning Plaintiff's financial condition in a public filing.

<u>Defendant's Position</u>:

Following Plaintiff's issuance of multiple notices of depositions for the deposition of Defendant Dr. Laura Gagliardi and several fact witnesses, when Plaintiff has not yet answered written discovery, and in light of Plaintiff's insistence that all depositions proceed remotely, including his own, when Chicago is his chosen forum, Defendant has filed a Motion regarding the order, format and sequencing of depositions, seeking this Court's input and assistance to help streamline and control the costs and equity of the litigation process in this case. As previously stated, this case involves an extremely well-educated non-attorney *pro se* Plaintiff of means who is capable of producing voluminous written material and driving up costs in what should be a simple employment matter. The potential for this case to have attorney's fees that exceed the value of the case is unfair, disproportionate and unjust.

8. **Trial**

<u>Plaintiff's Position</u>:

Plaintiff has demanded a jury trial. Because the parties have not consented to Magistrate Judge jurisdiction at this time, Plaintiff understands that trial matters remain before Judge Alonso unless otherwise ordered.

Plaintiff believes it is premature to set a trial date before the Court enters a discovery schedule and before fact and expert discovery are completed.

Plaintiff further believes that voir dire, motions in limine, jury instructions, witness lists, exhibit lists, and final pretrial submissions are premature until the Court enters a trial or pretrial schedule. Plaintiff reserves all rights to propose voir dire questions, motions in limine, jury instructions, witness lists, exhibit lists, objections, stipulations, and other trial submissions at the appropriate time under the applicable standing orders.

<u>Defendant's Position</u>:

Defendant has demanded a jury trial.

9. **Other Matters**

<u>Plaintiff's Position</u>:

Plaintiff respectfully requests that the Court set a clear discovery schedule and provide guidance regarding discovery sequencing, ESI, supplementation, Rule 45 subpoenas, depositions, protective-order procedures, and discovery-dispute procedures.

Plaintiff further requests that the Court make clear that discovery is proceeding notwithstanding the pending MTD, subject to ordinary objections, proportionality limits, reasonable sequencing, and any specific orders entered by the Court.

Plaintiff is willing to confer regarding a protective order, HIPAA-qualified protective order, confidentiality agreement, ESI protocol, privilege-log protocol, or Rule 502(d) order to facilitate orderly discovery while protecting legitimate confidentiality and privacy interests.

<u>Defendant's Position</u>:

Defendant requests that this Court take an active role in monitoring discovery in this case to ensure fairness and to help contain costs of litigation in what should be a simple employment matter involving a relatively finite employment relationship that lasted less than one year.

Dated July 9, 2026

Respectfully submitted,

/s/ *Romit Chakraborty*
Plaintiff, pro se
*ROMIT CHAKRABORTY*
*2261 Market Street, STE 72927*
*San Francisco, CA 94114*
*773-816-8338*
romit.chakraborty@gmail.com

/s/ *Caroline K. Vickrey*
Caroline K. Vickrey
Georgia A. Arvanitis
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770
vickreyc@jbltd.com
arvanitisa@jbltd.com
*Counsel for Defendant, LAURA GAGLIARDI*

E-filed by:
Romit Chakraborty
2261 Market Street, STE 72927
San Francisco, CA 94114
(773)-816-8338
Email: romit.chakraborty@gmail.com