**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, | ) | |
| | ) | Case No. 26-cv-00106 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Jorge L. Alonso |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Albert Berry, III |
| LAURA GAGLIARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DR. LAURA GAGLIARDI'S MOTION FOR AN ORDER GOVERNING THE SEQUENCE, LOCATION, AND FORMAT OF DEPOSITIONS**

NOW COMES Defendant, Dr. Laura Gagliardi, by and through her undersigned counsel, JOHNSON & BELL, LTD., and respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 26(c)(1)(B) and 30(b)(4), for an order directing: (1) that Plaintiff's deposition proceed before any non-party depositions; (2) that Plaintiff's deposition proceed in person in Chicago, Plaintiff's chosen forum; (3) that Dr. Gagliardi's deposition and all depositions of non-party witnesses located in or near Chicago proceed in person in Chicago; and (4) that the parties be required to confer regarding the scheduling of all depositions before any non-party deposition is formally noticed. In support thereof, Defendant states as follows:

**BACKGROUND**

Plaintiff Romit Chakraborty, proceeding *pro se*, filed this action against Defendant Dr. Laura Gagliardi on March 31, 2026, asserting four counts arising from his participation in Dr. Gagliardi's research group at the University of Chicago: fraudulent inducement, defamation *per se*, tortious interference with prospective economic advantage, and intentional infliction of emotional distress. No scheduling order has been entered under Rule 16, no discovery plan has been approved under Rule 26(f), and no deadline has been set for the close of oral discovery. No

Page 1 of 8

depositions have been formally noticed by either party, and the parties have not agreed on dates, sequence, or logistics for any deposition.

On or about June 11, 2026, and without any prior communication with defense counsel regarding scheduling or sequencing, Plaintiff began sending substantially lengthy correspondence directly to individuals he has identified as potential witnesses. (Attached hereto as Exhibit A.) Those individuals include Professor Martin Head-Gordon, Bhavnesh Jangid, Valay Agarawal, Joanna Wang, and Jacob Wardzala. Each email identifies several categories of intended testimony, encompassing virtually every aspect of Plaintiff's time in the research group: his role, title, appointment, staff/researcher status, and group status"; his technical work in quantum chemistry, machine learning, and related computational methods; group members' communications about that work; and, more broadly, group members' personal views of Plaintiff's "academic seriousness, research conduct, performance, honesty, or professional suitability." (Ex. A.)

For each recipient, Plaintiff proposed a remote deposition by videoconference, reserving "one full deposition day, up to seven hours of testimony," with proposed dates running from Monday, July 27, 2026 through Tuesday, August 4, 2026, and demanding a response by Wednesday, June 17, 2026. (Ex. A.) Multiplied across the several witnesses Plaintiff has already contacted — and his correspondence indicates that further outreach may follow. Defense counsel was simply copied on this correspondence after it had already been sent, without any prior communication regarding dates, sequence, or format. On July 1, 2026, the parties held a Rule 26(f) conference, during which no resolution was reached regarding an agreement to proceed with Plaintiff's deposition first, regarding an agreement that Plaintiff would present himself for his deposition in person in Chicago, regarding agreement that Plaintiff would take Defendant Laura Gagliardi's deposition in person in Chicago, or any agreement regarding certain courtesies

regarding the coordination of non-party depositions. In other words, Plaintiff has insisted on unilaterally imposing a remote format for all depositions on this lawsuit.

Defendant thereafter conferred with Plaintiff in good faith regarding her objections to the proposed remote format, the proposed sequencing, and the absence of any prior coordination with defense counsel. Notwithstanding that conferral, and without modifying his position, Plaintiff served a Notice of Oral Deposition of Defendant Laura Gagliardi on July 5, 2026, noticing Dr. Gagliardi's deposition to proceed by remote videoconference. (Attached hereto as **Exhibit B**). That notice prompted the filing of the instant motion.

## THE LAW

Federal Rule of Civil Procedure 26(c)(1) authorizes this Court to issue a protective order "for good cause" to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including orders that "designat[e] the persons who may be present while the discovery is conducted" and "prescrib[e] a discovery method other than the one selected by the party." Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1)(B) further permits the Court to specify the terms and conditions under which depositions proceed. Rule 30(b)(4) provides that depositions may be taken by remote means only if "the parties so stipulate" or "the court orders" it on motion — meaning a party may not unilaterally impose a remote format over the objection of opposing counsel. Trial courts enjoy "significant discretion" in governing the format, sequence, and logistics of depositions, and such decisions are "necessarily fact specific." *Crutchfield v. Experian Information Solutions, Inc.*, No. 25 CV 5697, 2025 WL 2938760, at \*1 (N.D. Ill. Oct. 16, 2025). *See also Neita v. City of Chi.*, 148 F.4th 916, 927–29 (7th Cir. 2025) (the Seventh Circuit has consistently held that trial courts have broad discretion on discovery-related issues).

Decided by the Northern District of Illinois in 2023, the court held that "the general rule is that even a nonresident plaintiff must appear for deposition in the place they chose to file their lawsuit." *Simoni v. United Airlines, Inc.*, Not Reported in Fed. Supp, 2023 WL 12218435, at *1 (2023) (referencing *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D.Ill.1990)). The exception to this rule requires a showing of "compelling circumstances or extreme hardship," which may include hardship in traveling due to time, expense, and inconvenience, the ability of the court to intervene if disputes arise, and the convenience of counsel. *Orrison*, 132 F.R.D. at 203. Where no such showing is made, the rule is absolute. In *Simoni*, the court ordered the plaintiff to appear in person in Chicago, reasoning that "Plaintiff's refusal to appear in Chicago is not based on any hardship or compelling circumstance" and that it "will not foist upon Defendant the cost of Plaintiff traveling to his chosen litigation forum for his deposition in this case." *Simoni v. United Airlines, Inc.*, 202 WL 12218435 at *2. The court further stated that "remote depositions are not the norm, they are the exception" and that "courts in this circuit and elsewhere disfavor remote depositions and generally allow them only if the deposed party shows that it would suffer undue hardship in attending the deposition." *Simoni v. United Airlines, Inc.*, 202 WL 12218435 at *1 (*See also Mintel Int'l Grp., Ltd. v. Neergheen*, 2008 WL 10718842, at *4 (N.D. Ill. Aug. 28, 2008)).

## The Court Should Govern the Sequence, Location, and Format of Any Depositions That Proceed

Defendant respectfully requests an order, pursuant to Rule 26(c)(1)(B) and Rule 30(b)(4), seeking: (1) that Plaintiff's deposition proceed first; (2) that Plaintiff's deposition proceed in person in Chicago; and (3) that Dr. Gagliardi's deposition, and all resident non-party witness depositions proceed in person in Chicago, Plaintiff's chosen choice of forum.

Courts presume that a plaintiff who selects a forum may be required to appear there for his own deposition, because in choosing that forum the plaintiff has effectively consented to

participate in legal proceedings there. *Gibbs v. National R.R. Passenger Corp.*, 170 F.R.D. 452, 453 (1997); *see also Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591–92 (7th Cir.1992) (Court denied Plaintiff's request for a telephone deposition upon Defendants' objection). Plaintiff filed this action in the Northern District of Illinois and has not filed *in forma pauperis* or suggested that travel within this District would be impracticable for him; to the contrary, his pleadings suggest that he received a favorable settlement with his former employer and that he is pursuing a lucrative career as a data scientist. Defendant accordingly requests that Plaintiff's deposition proceed in person in Chicago. Sequencing Plaintiff's deposition first also serves the efficiency that Plaintiff's own correspondence seeks to advance. Plaintiff's emails identify several broad categories of inquiry he intends to pursue with third-party witnesses; taking Plaintiff's deposition first will allow the parties – and, if necessary, the Court – to determine which of those categories are actually relevant to the claims that survive the Motion to Dismiss before non-party witnesses are asked to sit for full-day examinations on all of them.

Rule 30(b)(4) permits a deposition to be taken by remote means only where "the parties stipulate" to that format "or the court" so orders "on motion." Fed. R. Civ. P. 30(b)(4). Plaintiff has not sought Defendant's agreement to a remote format; his emails simply unilaterally announce that he "anticipates arranging a remote deposition by videoconference". Defendant does not agree, and such, has corresponded with the Plaintiff in good faith to express her disagreement with remote depositions. Courts that have addressed remote depositions over a party's objection apply a good-cause standard, and Plaintiff has identified no basis for that showing here. *See Crutchfield*, 2025 WL 2938760, at *2.

Several of Plaintiff's claims turn on the content and context of a substantial volume of emails and other group communications. This is precisely the kind of complex documentary record

that is most efficiently and accurately examined with witnesses and counsel in the same room. Dr. Gagliardi, moreover, resides and is employed in this District; an in-person deposition in Chicago makes sense for her as a named Defendant. Defendant accordingly requests that any deposition of Dr. Gagliardi proceed in person in Chicago.

The same considerations apply to the non-party witnesses Plaintiff has already contacted and to any others Plaintiff may yet contact. With the exception of Dr. Head-Gordon, whose deposition Dr. Gagliardi does not oppose taking place remotely, each is, on information and belief, located in or near Chicago by virtue of their affiliations with the University of Chicago, such that an in-person deposition in this district makes logistical sense. The Court has inherent authority under Rules 26(c) and 26(d)(3)(B) to alter the sequence of depositions when the interests of efficiency and fairness so require. Those interests are squarely implicated here. Plaintiff's own correspondence demonstrates that he intends to question five or more witnesses on a sprawling set of topics that encompass virtually every facet of his time in Dr. Gagliardi's research group. Sequencing Plaintiff's deposition first serves the interests of all parties and the witnesses themselves.

Courts presume that deposing a plaintiff before third-party witnesses advances efficiency, because the plaintiff's own account will define the actual contours of the claims and identify which factual issues are genuinely in dispute. Requiring Plaintiff to sit for his deposition first will allow the parties — and, if necessary, this Court — to determine which of the many topics Plaintiff has identified for third-party witnesses are actually relevant to the claims as Plaintiff understands them, and which are tangential or duplicative. Proceeding in the reverse order risks subjecting non-party University of Chicago researchers to day-long depositions on topics that Plaintiff's own deposition may render unnecessary, wasteful, or properly narrowed.

Sequencing also protects the integrity of the deposition process. Where, as here, a plaintiff has provided detailed deposition topic lists to witnesses before his own account has been tested, there is a substantial risk that witness testimony will be shaped or colored by Plaintiff's framing of the disputed events rather than the witnesses' independent recollections. Taking Plaintiff's deposition first preserves the evidentiary value of the third-party witnesses' testimony by reducing that risk.

Finally, Defendant respectfully notes that Plaintiff's emails to these witnesses were sent without any prior conferral with defense counsel regarding dates, sequence, or logistics, notwithstanding that defense counsel represents the only defendant in this case and was simply copied on the correspondence after it had already been sent. To avoid duplicative scheduling, conflicting dates, and unnecessary motion practice going forward, Defendant requests that the Court direct the parties to confer regarding the scheduling and sequence of any depositions before any deposition is noticed.

**CONCLUSION**

WHEREFORE, Defendant Dr. Laura Gagliardi respectfully requests that this Court enter a protective order pursuant to Rules 26(c)(1)(B) and 30(b)(4) directing: (1) that Plaintiff's deposition proceed before any non-party depositions; (2) that Plaintiff's deposition proceed in person in Chicago, Plaintiff's chosen forum; (3) that Dr. Gagliardi's deposition and all non-party witness depositions of individuals located in or near Chicago proceed in person in this District; and (4) that the parties be required to confer regarding the scheduling and sequencing of all depositions before any deposition is formally noticed; together with such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

JOHNSON & BELL, LTD.

/s/Georgia Arvanitis
One of the Attorneys for Defendant,
Dr. Laura Gagliardi

Georgia A. Arvanitis – ARDC #6352525
Caroline K. Vickrey – ARDC #6210332
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
vickreyc@jbltd.com
arvanitisg@jbtd.com