| | | |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D. | ) ) ) | **United States District Court** **Northern District of Illinois** |
| | ) | |
| | ) | **Chakraborty v. Gagliardi** |
| Plaintiff, | ) | Case No. 1:26-cv-00106 |
| | ) | Judge Hon. Jorge L. Alonso |
| v. | ) | Magistrate Judge: Hon. Albert Berry, III |
| | ) | |
| LAURA GAGLIARDI | ) ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED STIPULATION AND PROTOCOL FOR REMOTE DEPOSITIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(4)**

Plaintiff Romit Chakraborty and Defendant Laura Gagliardi, by and through counsel, stipulate as follows regarding remote depositions in this action pursuant to Federal Rule of Civil Procedure 30(b)(4), subject to further stipulation or Court order:

1. Remote Deposition Format

The parties stipulate that depositions in this action may proceed by remote videoconference pursuant to Federal Rule of Civil Procedure 30(b)(4), using Zoom or another secure videoconference platform provided by the court-reporting service.

2. Officer and Oath

Each deposition shall be taken before a certified court reporter, notary public, or other officer authorized to administer oaths. The officer may administer the oath remotely to the deponent by videoconference. For purposes of Federal Rules of Civil Procedure 28(a), 30(b)(4), 37(a)(2), and 37(b)(1), the deposition shall be deemed taken where the deponent answers the questions under oath.

EXHIBIT

**B**

Page 1 of 6

3. Recording Method

Unless otherwise agreed or ordered, each deposition shall be recorded stenographically by the certified court reporter and by audiovisual recording. No participant may make any separate audio, video, screen, or other recording of the deposition except as stated in the deposition notice, stipulated by the parties, or ordered by the Court.

4. Attendance and Identification of Participants

At the beginning of each deposition, all persons attending shall identify themselves on the record. No person may attend, observe, assist, or communicate with the deponent during the deposition unless that person is identified on the record or otherwise agreed by the parties.

5. Deponent Location and Room Conditions

The deponent shall appear by video from a quiet, private location with adequate lighting, functioning camera, microphone, and internet connection. The deponent shall confirm on the record that the deponent can hear and see the participants, understands the oath, and is able to proceed.

Upon request, the deponent shall identify who is physically present in the room. No undisclosed person may be present with the deponent during questioning.

6. Communications During Questioning

During active questioning, the deponent shall not communicate off the record with counsel or any other person by text message, chat, email, phone, messaging application, handwritten note, or any other means, except as necessary to address privilege, technical issues, breaks, or other matters permitted by the Federal Rules of Civil Procedure.

Nothing in this protocol prevents counsel from making proper objections on the record or from conferring with the deponent during breaks consistent with applicable law and the Federal Rules of Civil Procedure, provided that no break is used to avoid answering a pending question.

7. Exhibits

Exhibits may be marked, exchanged, displayed, and used electronically through the court-reporting service, secure exhibit platform, screen-sharing, email, or another method agreed by the parties.

The examining party may present exhibits electronically during the deposition. The court reporter shall mark exhibits in sequence, and the parties shall cooperate to ensure that the court reporter receives the exhibits necessary to prepare the transcript.

No party waives any objection to authenticity, admissibility, relevance, privilege, confidentiality, completeness, or foundation by agreeing to electronic exhibit presentation.

8. Breaks

Breaks may be taken at reasonable intervals. Before any break, the questioning party or attorney may request that a pending question be answered. The start and end of each break should be stated on the record where practicable.

9. Technical Interruptions

If a participant loses video, audio, internet connectivity, or access to exhibits in a manner that materially impairs participation, the deposition shall pause until the issue is resolved. The parties and court reporter shall state on the record, where practicable, the nature and duration of any material interruption.

10. Safeguards Against Off-Camera Assistance

Upon reasonable request, the deponent shall confirm on the record that the deponent is not receiving undisclosed assistance, communications, notes, prompts, or messages during questioning. The deponent shall not review documents, notes, messages, webpages, electronic files, or other materials during questioning unless disclosed on the record or presented as an exhibit.

11. Confidentiality and Protective Orders

Nothing in this protocol modifies any existing confidentiality obligation, protective order, HIPAA-qualified protective order, privilege, work-product protection, or right to seek such protection. The parties reserve all rights to confer regarding a confidentiality order, HIPAA-qualified protective order, Federal Rule of Evidence 502(d) order, or other protective procedures.

12. Objections and Reservation of Rights

All objections are preserved except as otherwise provided by the Federal Rules of Civil Procedure. Stipulating to remote deposition procedures does not waive any objection to the relevance, proportionality, scope, timing, sequencing, location, or admissibility of any deposition testimony or exhibit.

13. Deposition Duration

Each deposition remains subject to the time limits of Federal Rule of Civil Procedure 30(d)(1), unless otherwise stipulated or ordered by the Court.

14. No Waiver of Sequencing Positions

This stipulation concerns the procedure for taking depositions remotely. It does not constitute an agreement that any particular deposition must proceed first, nor does it waive any party's position regarding deposition sequencing, scheduling, scope, or the need for any particular deposition.

15. Court Relief

If the parties cannot agree regarding remote deposition format, sequencing, location, timing, scope, or related procedures, the parties shall meet and confer in good faith consistent with Local Rule 37.2 before seeking Court relief, unless emergency circumstances make such consultation impracticable.

SO STIPULATED.

Dated: July 5, 2026

/s/ Romit Chakraborty

Romit Chakraborty, Ph.D.

Plaintiff, pro se

2261 Market Street, STE 72927

San Francisco, CA 94114

Telephone: (773) 816-8338

Email: romit.chakraborty@gmail.com

Dated: _____, 2026

/s/ _____

Caroline Kneafsey Vickrey

Georgia Anne Arvanitis

Johnson & Bell, Ltd.

33 W. Monroe Street, Suite 2700

Chicago, Illinois 60603

Telephone: (312) 372-0770

Email: vickreyc@jbltd.com

Email: arvanitisg@jbltd.com

Counsel for Defendant Laura Gagliardi