





FILED

8/4/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D., | ) | **United States District Court** |
|  | ) | **Northern District of Illinois** |
| Plaintiff, | ) |  |
|  | ) | Chakraborty v. Gagliardi |
| v. | ) | Case No. 1:26-cv-00106 |
|  | ) | Judge: Hon. Jorge L. Alonso |
| LAURA GAGLIARDI, | ) | Magistrate Judge: Hon. Albert Berry III |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER GOVERNING THE SEQUENCE, LOCATION, AND FORMAT OF DEPOSITIONS [DKT. 41]**

Plaintiff Romit Chakraborty, proceeding pro se, respectfully opposes Defendant's request for a categorical protective order requiring Plaintiff's deposition to occur first, requiring Plaintiff to appear physically in Chicago for his own deposition, and requiring Plaintiff to travel to Chicago to conduct Defendant's and Chicago-area nonparties' depositions. Plaintiff is prepared to sit promptly for a full-day deposition under oath through a professional videoconference court-reporting service. The issue is not whether Defendant will obtain his testimony. The issue is whether Defendant has shown good cause to compel international travel, temporary-admission processing, interruption of Plaintiff's ongoing research and business operations, and disruption of Point Reyes Sound, Inc.—a United States deep-technology company founded by Plaintiff to develop technologies at the intersection of quantum chemistry, artificial intelligence, and fault-tolerant quantum computing, whose foundational technology is the subject of U.S. Provisional Patent Application No. 64/033,274—when a secure remote deposition provides

complete testimony, live demeanor observation, electronic exhibits, and stenographic and audiovisual records.

The hardship is concrete and present. Plaintiff's current residence and working base in India constitute an interim arrangement while he develops the intellectual property, research work product, professional engagements, and petitioner structure needed to support a future employment-authorized return to the United States through a new O-1A petition. Plaintiff has no current United States employment authorization and no active employer-sponsored classification under which he may enter and continue productive work. His prior O-1A petition, based on extraordinary ability in the sciences and expertise in quantum chemistry, was approved by USCIS on October 25, 2024. The approved petition required an employer petitioner, retained immigration counsel, detailed employment terms, and a substantial evidentiary submission addressing multiple regulatory criteria. The professional references, publication pipeline, institutional relationships, and research work product needed for the next pathway are also among the professional interests Plaintiff alleges Defendant impaired in this action. A new petition is therefore neither immediate nor ministerial.

Defendant's own exhibits also undermine the motion. Plaintiff's nonparty communications expressly stated that they were scheduling and preservation inquiries, not subpoenas or formal deposition notices. Dkt. 41-1. Defendant also attached Plaintiff's proposed bilateral Rule 30(b)(4) stipulation, which supplied detailed safeguards concerning oath administration, participant identification, electronic exhibits, room conditions, undisclosed communications, technical interruptions, and off-camera

assistance. Dkt. 41-2. Those exhibits show a proposal for orderly remote practice, not a refusal to coordinate.

## BACKGROUND

1. The parties conducted the Rule 26(f) process in April 2026 and again on July 1, 2026. Their Joint Status Report was filed at Dkt. 37. On July 22, 2026, the Court lifted the discovery stay, established November 30, 2026 as the fact-discovery deadline, directed Defendant to refile the present motion, and ordered Plaintiff to respond by August 4, 2026. Dkt. 42. Dkt. 41 is the refiling authorized and directed at that hearing.

2. Before serving compulsory process on any nonparty, Plaintiff sent several potential fact witnesses written inquiries seeking available dates and preservation of potentially relevant material. Each inquiry expressly stated that it was 'not a subpoena' and 'not a formal notice of deposition,' and that compulsory attendance, if necessary, would proceed through Rule 45. Dkt. 41-1.

3. Plaintiff proposed remote depositions and copied defense counsel for transparency. He later served a remote notice for Defendant's deposition and circulated a proposed bilateral protocol under Rule 30(b)(4). The protocol preserves objections to sequence, timing, scope, and witness-specific logistics while addressing the integrity of remote testimony. Dkt. 41-2 ¶¶ 1–15.

4. Plaintiff presently resides and works in India. His current residence and working base constitute an interim arrangement adopted after his former employer-sponsored H-1B and O-1A employment relationships ended and after he pursued formal visitor-status

procedures while resolving litigation and professional transition. He relocated his working base outside the United States in spring 2026. Declaration of Romit Chakraborty ("Chakraborty Decl.") ¶¶ 3–6.

5. Plaintiff is the founder and principal researcher of Point Reyes Sound, Inc., a United States-incorporated deep-technology company developing technologies at the intersection of quantum chemistry, artificial intelligence, and fault-tolerant quantum computing. He presently conducts the company's substantive research and development from India while maturing its intellectual property, manuscripts, professional engagements, and operating record. Chakraborty Decl. ¶¶ 7–9; Ex. 1.

6. Plaintiff intends to return his professional working base to the United States only through a lawfully approved employment-authorized pathway. His anticipated pathway is a new O-1A petition filed by an appropriate United States petitioner or agent after the underlying work, engagements, and evidentiary record mature. His prior successful O-1A petition required an employer petitioner, retained immigration counsel, defined employment terms, and a substantial evidentiary record addressing multiple regulatory criteria. Chakraborty Decl. ¶¶ 10–12; Ex. 2.

7. Plaintiff presently sustains his research program and business operations through work performed from India, including compensated technical engagements and the substantive development of Point Reyes Sound. None of those activities supplies current United States employment authorization. Travel to Chicago would therefore interrupt productive work and company development in addition to imposing international-travel and temporary-admission burdens. Chakraborty Decl. ¶¶ 13–15.

8. Plaintiff will appear remotely for up to seven hours, under oath, from a private room; disclose every person present; refrain from undisclosed communications; accept electronic exhibits; permit stenographic and audiovisual recording; and pause for any material technical problem. Chakraborty Decl. ¶¶ 16–19.

## LEGAL STANDARD

Rule 26(c) permits a protective order only for good cause shown and requires relief tailored to the demonstrated annoyance, oppression, burden, or expense. Fed. R. Civ. P. 26(c)(1). Rule 30(b)(4) expressly authorizes the Court, on motion, to order a deposition by remote means. The decision is fact-specific and lies within the Court's broad discovery discretion. *Crutchfield v. Experian Information Solutions, Inc.*, No. 25 CV 5697, 2025 WL 2938760, at *1–2 (N.D. Ill. Oct. 16, 2025); *Neita v. City of Chicago*, 148 F.4th 916, 927–29 (7th Cir. 2025).

Courts have long instructed that Rule 30(b)(4) should be administered liberally and by balancing the proponent's legitimate reason against any concrete prejudice asserted by the opponent. *In re Broiler Chicken Antitrust Litigation*, No. 16 C 8637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020); *Valdivia v. Menard Inc.*, No. 19 CV 50336, 2020 WL 4336060, at *1–3 (N.D. Ill. July 28, 2020). Northern District authority has specifically permitted videoconference examination to avoid unnecessary international travel where technology preserves meaningful examination. *Playboy Enterprises International, Inc. v. Smartitan (Singapore) Pte. Ltd.*, No. 10 C 4811, Dkt. 96, at 4–8 (N.D. Ill. Nov. 17, 2011).

Rule 26(d)(3) separately provides that discovery methods may be used in any sequence unless the Court orders otherwise for the parties' and witnesses' convenience and

in the interests of justice. The Rule does not establish a categorical presumption that a plaintiff must be deposed before every other witness.

## ARGUMENT

I. Plaintiff has shown particularized international-travel, immigration, and economic hardship.

Defendant treats Plaintiff as a domestic litigant who merely prefers not to travel to his chosen forum. The facts are materially different. Plaintiff presently resides and works in India. His former cap-exempt H-1B and O-1A classifications were tied to employment relationships that have ended, and neither former sponsorship presently authorizes him to enter the United States and continue productive work. Chakraborty Decl. ¶¶ 3–6.

Plaintiff's current residence and working base in India constitute an interim, lawful arrangement. It allows him to sustain himself, continue productive technical work, and mature the intellectual property and research record of Point Reyes Sound, Inc. Plaintiff intends to return his professional working base to the United States only if and when a new employment-authorized pathway is approved. Chakraborty Decl. ¶¶ 7–12; Ex. 1.

That future objective does not create a present ability to travel. A new O-1A pathway requires an appropriate United States petitioner or agent, qualifying work or engagements, and a mature supporting record. Plaintiff's prior successful O-1A petition required an established corporate petitioner, retained immigration counsel, defined employment terms, and a substantial evidentiary record. Chakraborty Decl. ¶¶ 10–12; Ex. 2. His current pathway also requires further maturation of Point Reyes Sound's work

product, intellectual property, manuscripts, and engagements. Plaintiff cannot identify a reliable date on which a new employment-authorized return will be approved.

The same professional references, institutional relationships, publication pipeline, and research work product that help support such a pathway are among the professional interests placed at issue in this case. Plaintiff alleges Defendant materially impaired those assets. Plaintiff does not ask the Court to adjudicate those merits on this motion. The narrower point is that Defendant cannot treat a new O-1A petition as immediate or ministerial when Plaintiff is still rebuilding the professional foundation on which it would depend.

A temporary litigation visit is not an adequate substitute. The Department of State identifies litigation as an activity that may be permissible in B-1 classification, but it also states that B-1 classification does not authorize skilled or unskilled labor or ordinary employment in the United States. U.S. Department of State, Fact Sheet: U.S. Business Visas (B-1) and Allowable Uses. Plaintiff has no current United States employment authorization. Even if he obtained temporary admission for a deposition, he would have to suspend the productive work through which he supports himself and develops Point Reyes Sound. Chakraborty Decl. ¶¶ 13–15.

The requested relief is not confined to one short, defined trip. Defendant asks the Court to require Plaintiff's physical presence for his own deposition, Defendant's deposition, and all Chicago-area nonparty depositions. The case has no trial date. The order requested could therefore require repeated international travel or an extended stay during

which Plaintiff could not continue his ordinary productive work. That is a substantial, individualized hardship absent from Defendant's authorities.

II. Defendant's chosen-forum authorities do not overcome Plaintiff's particularized international hardship.

Defendant's authorities establish a general starting point, not an absolute result. Each decision turns on the record presented, and none involves an individual plaintiff who presently resides and works abroad, lacks an active employment-authorized basis to enter and continue productive work in the United States, faces potentially repeated trips because no trial or finite physical-attendance schedule exists, and has proposed a detailed protocol that answers the operational concerns associated with remote testimony.

Crutchfield confirms that the inquiry is fact specific. There, the plaintiff lived in Florida and offered only generalized concerns about travel cost, time away from work and family, and convenience. *Crutchfield v. Experian Information Solutions, Inc.*, No. 25 CV 5697, 2025 WL 2938760, at *2–4 (N.D. Ill. Oct. 16, 2025). The court also emphasized that she did not identify the proposed equipment, internet service, remote setting, room controls, or procedures for exhibits and undisclosed communications. Crutchfield, 2025 WL 2938760, at *2–4. Plaintiff supplies what Crutchfield found missing. His declaration establishes present international residence, immigration and employment consequences, and repeated-travel exposure. Dkt. 41-2 supplies a professional court-reporting platform, private-room requirements, participant identification, disclosure of every person present, a prohibition on undisclosed communications, electronic-exhibit procedures, audiovisual and

stenographic recording, and mandatory pauses for technical failure. Crutchfield therefore identifies the showing Plaintiff has made; it does not foreclose relief.

Simoni likewise turned on the absence of a demonstrated hardship. *Simoni v. United Airlines, Inc.*, No. 22 C 644, 2023 WL 12218435, at \*1–2 (N.D. Ill. 2023). Plaintiff here does not rely on preference or ordinary domestic inconvenience. He has shown that physical attendance would require international travel and temporary-admission processing, interrupt productive work that cannot simply continue in visitor status, and potentially require more than one trip because Defendant seeks his physical presence for multiple depositions while no trial date or finite physical-attendance schedule exists.

Orrison expressly recognizes that the general forum rule yields where compelling circumstances or extreme hardship are shown and identifies time, expense, inconvenience, access to the Court, and counsel convenience as relevant considerations. *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990). Those factors favor remote examination here. Plaintiff is abroad; international travel and admission are materially different from travel within the United States; the Court can intervene by telephone or videoconference if a dispute arises; defense counsel remains in Chicago; and the proposed protocol gives Defendant a complete live examination.

Mintel is also distinguishable. It involved employees of a corporate plaintiff located in London, a request for telephone rather than modern secure video depositions, no showing that the corporate plaintiff could not bear the expense, and witnesses accustomed to international travel. *Mintel International Group, Ltd. v. Neergheen*, No. 08 C 3939, Dkt. 78, at 2–4 (N.D. Ill. Sept. 3, 2008). The district judge was moreover reviewing a magistrate

judge's existing order under Rule 72(a)'s deferential clearly-erroneous standard, not deciding the issue initially. Mintel, No. 08 C 3939, Dkt. 78, at 2–4. Plaintiff is an individual pro se litigant, has provided a particularized record, and offers safeguards unavailable in a telephone deposition.

Gibbs restates the ordinary chosen-forum principle but does not eliminate its hardship exception. *Gibbs v. National Railroad Passenger Corp.*, 170 F.R.D. 452, 453 (N.D. Ill. 1997). Newman addressed a telephone-deposition request and predates the secure videoconference procedures proposed here. *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591–92 (7th Cir. 1992). Neither case addresses an international resident with the present immigration and employment constraints established by Plaintiff's declaration. Neita confirms only that discovery administration is committed to the Court's discretion; it does not dictate an in-person outcome. *Neita v. City of Chicago*, 148 F.4th 916, 927–29 (7th Cir. 2025).

The cases therefore support a fact-specific ruling. On this record, the chosen-forum starting point is rebutted, and Plaintiff's deposition should proceed remotely under Dkt. 41-2.

III. No authority requires Plaintiff to travel to Chicago to conduct Gagliardi's deposition.

Defendant's chosen-forum cases concern where a plaintiff must appear when the plaintiff is the deponent. They do not establish that the examining plaintiff must enter the forum to question an opposing party who already resides there. Defendant identifies no rule, case, or evidentiary prejudice requiring Plaintiff's physical presence in the room.

Gagliardi may appear in Chicago with both defense attorneys physically present. A certified reporter may administer the oath and create a complete stenographic and audiovisual record. Plaintiff may question her live, observe her demeanor continuously, display and mark exhibits through a secure platform, and pause the examination if any technical issue arises. Dkt. 41-2 ¶¶ 2–10. This arrangement preserves every legitimate interest Defendant identifies while avoiding international travel by the examining party. Because Rule 26(c) relief must be tailored to demonstrated prejudice, Defendant's request that Plaintiff travel merely to ask questions should be denied.

IV. Defendant offers no witness-specific evidence supporting a blanket order for every Chicago-area nonparty.

Defendant seeks a prospective ruling that every nonparty located "in or near Chicago" must appear in person. The motion supplies no declaration from any witness, no confirmed residence or workplace for each witness, no statement of witness preference, no evidence of technological difficulty, and no showing that remote testimony would burden any particular nonparty. Location is asserted largely from institutional affiliation and information and belief.

A nonparty deposition must be evaluated individually. Rule 45's place-of-compliance provisions turn on where the witness resides, is employed, or regularly transacts business, and the appropriate format may depend on the witness's work obligations, availability, preference, and the scope of examination. A blanket order entered before any concrete witness-specific dispute would bypass that analysis. Defendant's concession that Professor Head-Gordon may be deposed remotely further confirms that

remote testimony is not inherently unreliable. Dkt. 41 at 6. The Court should require witness-specific consultation and reserve actual disputes for targeted resolution.

V. Defendant's own exhibits negate its claim that Plaintiff unilaterally imposed depositions or threatened the integrity of testimony.

Defendant characterizes Plaintiff's witness communications as unilateral deposition scheduling and suggests that the listed topics may shape or color testimony. The exhibits do not support either proposition. Each communication expressly states that it is a scheduling and preservation inquiry, is not a subpoena, is not a formal notice of deposition, and preserves the requirements of Rule 45. Dkt. 41-1. Defense counsel was copied for transparency. The proposed dates were invitations to identify availability, not compulsory commands.

Defendant also attached Plaintiff's proposed bilateral "Stipulation and Protocol for Remote Depositions Under Federal Rule of Civil Procedure 30(b)(4)," complete with signature lines for both sides. Dkt. 41-2. That protocol preserves objections to sequence, scope, timing, and location while addressing oath administration, room conditions, participant identification, undisclosed communications, electronic exhibits, technical interruptions, and off-camera assistance. Dkt. 41-2 ¶¶ 1–15. It is evidence of an attempted orderly agreement, not a refusal to coordinate.

Nor does Defendant provide evidence of witness contamination. No witness declaration identifies coaching, altered recollection, pressure, or improper communication. Describing factual subjects on which a witness may possess first-hand knowledge does not

establish that the witness was asked to adopt Plaintiff's version of events. Speculation about possible influence cannot justify a categorical sequencing or location order.

VI. A reciprocal conferral requirement resolves Defendant's legitimate scheduling concern without creating a veto.

Plaintiff agrees that, before formally noticing a deposition, the noticing party should confer in good faith concerning date, duration, platform, location, and witness-specific logistics. That concession addresses duplicate scheduling and avoidable motion practice. But consultation is not consent. Local Rule 37.2 requires genuine efforts to resolve disputes before presenting them to the Court; it does not give either side unilateral authority to block a proper notice after consultation has occurred. Any order should therefore require reciprocal conferral while preserving each party's right to notice discovery under the Federal Rules and seek targeted relief concerning an actual unresolved dispute.

VII. A narrow order provides Defendant prompt testimony without freezing discovery or requiring international travel.

Plaintiff proposes the following balanced relief:

1. Plaintiff's deposition shall proceed first among the party depositions, remotely through a professional videoconference court-reporting service, on a mutually available date within twenty-one days of the Court's order unless the parties agree otherwise;

2. The safeguards in Dkt. 41-2 shall govern, including disclosure of all persons present, prohibition of undisclosed communications, secure electronic exhibits, pauses for material technical interruptions, and stenographic and audiovisual recording;

3. Defendant may appear for her deposition from Chicago with counsel physically present while Plaintiff conducts the examination remotely, within fourteen days after Plaintiff's deposition unless the parties agree otherwise;

4. Before formally noticing a deposition, the noticing party shall confer in good faith under Local Rule 37.2 regarding date, duration, format, and logistics, but the opposing party's agreement shall not be required after genuine consultation;

5. No blanket sequencing order shall prohibit a necessary, time-sensitive nonparty deposition before Plaintiff's deposition; and

6. The location and format of each nonparty deposition shall be resolved individually based on the witness's actual location, preference, burden, applicable Rule 45 requirements, and the parties' needs.

This relief gives Defendant prompt access to Plaintiff's testimony, preserves the integrity of every examination, protects nonparties from unnecessary burden, and avoids imposing international travel that adds no material truth-seeking benefit.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion for a categorical order requiring Plaintiff, Defendant, and all Chicago-area witnesses to proceed in person and requiring Plaintiff's deposition to precede every other deposition. In the alternative, Plaintiff requests the tailored remote-deposition and conferral protocol stated above and in the accompanying proposed order.

Respectfully submitted,

/s/ Romit Chakraborty

Romit Chakraborty, Ph.D.
Plaintiff, pro se
2261 Market Street, STE 72927
San Francisco, California 94114
Telephone: (773) 816-8338
Email: romit.chakraborty@gmail.com

Dated: August 4, 2026