BC

FILED
8/4/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AXM

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, Ph.D., | ) | **United States District Court** |
| | ) | **Northern District of Illinois** |
| Plaintiff, | ) | |
| | ) | Chakraborty v. Gagliardi |
| v. | ) | Case No. 1:26-cv-00106 |
| | ) | Judge: Hon. Jorge L. Alonso |
| LAURA GAGLIARDI, | ) | Magistrate Judge: Hon. Albert Berry III |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

### DECLARATION OF ROMIT CHAKRABORTY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION [DKT. 41]

I, Romit Chakraborty, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and submit this declaration based on my personal knowledge.

2. I do not refuse to be deposed. I am prepared to sit promptly for up to seven hours of testimony under oath through a professional videoconference court-reporting service.

3. I presently reside and work in India. My current residence and working base there constitute an interim arrangement.

4. I previously worked in the United States through employer-sponsored nonimmigrant classifications, including a cap-exempt H-1B position at the University of Chicago and an O-1A position with PsiQuantum Corp.

5. Those employment relationships ended, and neither former sponsorship presently authorizes me to enter the United States and continue productive work.

6. After those employer-sponsored relationships ended, I pursued formal visitor-status procedures while resolving pending litigation and professional transition. In spring 2026, I

1

relocated my residence and working base to India. I presently have no United States employment authorization and no active employer-sponsored nonimmigrant classification under which I may enter the United States and continue my current productive work.

7. I am the founder and principal researcher of Point Reyes Sound, Inc., a United States-incorporated deep-technology company developing technologies at the intersection of quantum chemistry, artificial intelligence, and fault-tolerant quantum computing.

8. I presently conduct Point Reyes Sound's substantive research and development from India. That work includes maturation of the company's intellectual property, manuscripts, technical infrastructure, professional engagements, and operating record. The company's foundational technology is the subject of U.S. Provisional Patent Application No. 64/033,274. My current professional résumé, attached as Exhibit 1, summarizes my professional background, Point Reyes Sound's research program, and the company's current intellectual-property and publication record.

9. My present working arrangement allows me to sustain the company and control its operating costs while the underlying intellectual property and professional record mature.

10. I intend to return my professional working base to the United States only through a lawfully approved employment-authorized pathway. My anticipated pathway is a new O-1A petition filed by an appropriate United States petitioner or agent after the necessary work, engagements, petitioner structure, and supporting record mature.

11. My prior O-1A petition, based on extraordinary ability in the sciences and expertise in quantum chemistry, was approved by USCIS on October 25, 2024. That approved petition required an employer petitioner, retained immigration counsel, defined employment terms, and a substantial evidentiary submission addressing multiple regulatory criteria. A

2

narrowly selected and redacted excerpt of the approval notice and supporting petition materials is attached as Exhibit 2 to corroborate the prior approval, the employer-petitioned structure, the scientific field, and the evidentiary requirements of that process.

12. The professional references, publication record, institutional relationships, and research work product relevant to a future O-1A pathway are also among the professional interests I contend were materially harmed by Defendant's conduct in this action. A new petition is therefore neither immediate nor ministerial.

13. I presently sustain myself and advance Point Reyes Sound through work performed from India, including compensated technical engagements and the company's substantive research and development.

14. Those activities do not provide me with current United States employment authorization. If I were physically present in the United States as a visitor for a deposition, I would not be authorized to continue ordinary productive work there.

15. Travel to Chicago would therefore interrupt the work through which I support myself, disrupt Point Reyes Sound's ongoing technical development, and impose international airfare, lodging, local transportation, temporary-admission processing, multi-day travel, and time-zone disruption. No trial date or finite schedule of required physical attendance presently exists in this action.

16. I will appear for a remote deposition from a quiet, private location with a functioning camera, microphone, and reliable internet connection. I will display appropriate government-issued identification to the court reporter and state my location on the record.

17. I will identify every person physically present; will not receive undisclosed assistance or communicate by text, email, messaging application, telephone, handwritten note, or other

means during questioning; and will permit reasonable confirmation of the room and materials available to me.

18. I will use a professional court-reporting platform, accept electronic exhibits, permit stenographic and audiovisual recording as properly noticed, and pause the deposition if a technical problem materially affects any participant's ability to hear, see, question, or review an exhibit.

19. I proposed the written remote-deposition protocol attached by Defendant as Dkt. 41-2 because I sought a reliable bilateral procedure, not to avoid examination or prevent Defendant from protecting the integrity of the testimony. My earlier communications to potential nonparty witnesses were scheduling and preservation inquiries, not subpoenas or formal deposition notices. I am willing to confer in advance regarding the date, duration, order, and logistics of each deposition, provided that conferral does not operate as a unilateral veto after genuine consultation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2026, in India.

**/s/ Romit Chakraborty**
Romit Chakraborty, Ph.D.