**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROMIT CHAKRABORTY, | ) | |
| | ) | No. 26-cv-0106 |
| Plaintiff, | ) | |
| | ) | Judge Jorge L. Alonso |
| v. | ) | |
| | ) | Magistrate Judge Albert Berry III |
| LAURA GAGLIARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion for Order Governing the Sequence, Location and Format of Depositions [41] is granted in part and denied in part. The motion is denied to the extent it seeks an order that the depositions of Plaintiff, Defendant, and "all non-party witness depositions of individuals located in or near Chicago" must proceed in person in Chicago (or elsewhere in this District). Federal Rule of Civil Procedure 30(b)(4) allows depositions to proceed by remote means by court order. Plaintiff currently resides in India. He does not have a visa to work in the United States and arrangement of other types of visas would create administrative hurdles. The Court believes that these obstacles constitute hardships that create good cause for the Court to allow depositions to proceed by remote means. Defense counsel may arrange to attend the depositions of any witnesses in person, but the Court will not require Plaintiff to travel from India to do so. The Court does not make any rulings about the precise method or manner of remote depositions and urges the parties to work cooperatively to reach a mutually agreeable solution. The motion is granted as to an order requiring Plaintiff's deposition to proceed before any non-party depositions. Although Fed. R. Civ. P. 26(d)(3) does not dictate a specific order for discovery, the Court finds that it serves the parties' and witnesses' convenience and the interests of justice for Plaintiff's deposition to occur before any third-party depositions take place. In particular, requiring Plaintiff to sit for his deposition first will allow the parties to more fully develop the record before any third parties give testimony. This will provide both the parties and witnesses a better sense of the scope of relevant questioning and the nature of Plaintiff's allegations, thereby permitting discovery to proceed more smoothly and efficiently than it would otherwise. Finally, the motion is granted as agreed on Defendant's request that the parties confer regarding scheduling and sequencing of depositions before depositions are formally noticed; Plaintiff has agreed to this stipulation. (Dkt. 46 at 13). The 8/25/26 video motion hearing [42] is stricken and a video status hearing is set for 9/16/26 at 10:30 a.m. Call-in information remains the same.

DATED: August 19, 2026

Albert Berry III
United States Magistrate Judge