BC

FILED
9/2/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

ROMIT CHAKRABORTY, Ph.D.,

Plaintiff,

v.

LAURA GAGLIARDI,

Defendant.

Case No. 1:26-cv-00106

Judge: Hon. Jorge L. Alonso

Magistrate Judge: Hon. Albert Berry III

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

## INTRODUCTION

Defendant filed Dkt. 49 under Rule 12(c) without first answering the operative Second Amended Complaint at Dkt. 45. Because Rule 7(a) identifies an answer as a pleading, the pleadings are not closed. The Court should deny Dkt. 49 without prejudice as premature.

If the Court instead construes Dkt. 49 under Rule 12(b)(6), the SAC states each claim. The motion depends on Defendant's characterization of disputed communications and professional events. At the pleading stage, however, the Court draws reasonable inferences for Plaintiff and evaluates each incorporated exhibit according to its character and purpose. A unilateral statement in an exhibit does not automatically override a contrary well-pleaded allegation.

## PROCEDURAL BACKGROUND

Plaintiff filed the operative SAC at Dkt. 45. Defendant filed Dkt. 49 on August 11, 2026. Dkt. 51 set September 2, 2026 for Plaintiff's response and September 16, 2026 for Defendant's reply. As of the filing of this opposition, Defendant has not answered the SAC, and no trial date has been set.

## ARGUMENT

### I. THE RULE 12(C) MOTION IS PREMATURE

Rule 12(c) states that a party may move for judgment on the pleadings only "after the pleadings are closed - but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 7(a)(2) separately lists "an answer to a complaint" as a pleading. The Seventh Circuit has held that Rule 12(c) is not the proper vehicle where no answer has been filed and the pleadings therefore are not closed. *R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150*, 335 F.3d 643, 645 (7th Cir. 2003). Plaintiff accordingly requests denial without prejudice as premature. If the Court instead construes Dkt. 49 under Rule 12(b)(6), the SAC should survive for the reasons below.

### II. IF THE COURT REACHES THE MERITS, THE SAC STATES EACH CLAIM

On Rule 12(c), the Court applies the Rule 12(b)(6) framework, views pleaded facts in the nonmovant's favor, and considers the complaint, answer, and qualifying written instruments incorporated under Rule 10(c). *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). The court need not credit unsupported legal conclusions or allegations undermined by the pleading itself. But the Seventh Circuit specifically held that unilateral statements in attached letters did not automatically preempt contrary allegations; the document's type, author, and purpose matter. *Id.* at 454-56. Materials outside the pleadings must be excluded or trigger Rule 56 treatment. *Id.* at 453 n.5.

#### A. Count I states fraudulent inducement with particularity

Illinois fraud requires a false statement of material fact, knowledge or belief of falsity, intent to induce action, justifiable reliance, and resulting damage. *Abazari v. Rosalind Franklin University of Medicine & Science*, 2015 IL App (2d) 140952, paras. 13-15. Rule 9(b) requires the circumstances constituting fraud to be stated with particularity. Fed. R. Civ. P. 9(b).

The SAC identifies the representation and transaction. On August 31, 2023, Defendant executed the written offer for a staff appointment bearing the title "Quantum-AI Researcher," identifying Defendant as supervisor and specifying compensation and benefits. SAC paras. 21-23, 58-63; Ex. 1. Plaintiff alleges that Defendant knew the represented staff status, title, and role were material because of his seniority and alternative professional paths; intended the offer to

induce acceptance; and later denied the source of the same title and treated the represented classification and role as illegitimate. SAC paras. 3, 24, 30-36, 60-65; Exs. 1, 3, 5, 9. The pleaded present facts concern the appointment, title, reporting structure, classification, compensation, benefits, and research mandate. SAC paras. 21-24, 59-65; Exs. 1, 4-5. Defendant's alleged later conduct is pleaded as circumstantial support for knowledge and intent at formation, not as the fraud itself. SAC paras. 30-36, 60-65; Exs. 1, 3, 5, 9. Plaintiff alleges reliance by accepting, relocating, deferring alternatives, and performing under the represented role, with resulting economic and professional loss. SAC paras. 22-24, 63-66. If the Court finds the contemporaneous-falsity inference insufficiently particularized, Plaintiff requests targeted leave to allege the formation facts more precisely rather than dismissal with prejudice.

**B. Count II states defamation per se**

A statement is actionable as fact when it has a precise meaning, is verifiable, and its context signals factual content. *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 397-403 (2008). Illinois recognizes as defamatory per se statements imputing inability or want of integrity in employment and statements prejudicing a person in a profession. *Green v. Rogers*, 234 Ill. 2d 478, 491-99 (2009). The innocent-construction rule requires a reasonable contextual reading, not a strained inoffensive gloss. *Tuite v. Corbitt*, 224 Ill. 2d 490, 503-10 (2006).

First, Defendant allegedly stated, “The title 'Quantum-AI Researcher' is totally made up by you,” during a University title-record dispute. SAC paras. 3, 34-37, 68-72; Ex. 3. The statement has a precise and verifiable meaning - whether Plaintiff fabricated an official title - and Exhibit 1 is the offer bearing that title. The SAC alleges publication to University personnel and knowledge or reckless disregard because Defendant executed the offer. SAC paras. 34-37, 68-72; Exs. 1, 3, 9. In that context, accusing Plaintiff of inventing an official credential reasonably imputes dishonesty and professional lack of integrity. This is the professional-integrity category of defamation per se identified in *Green*.

Second, the SAC alleges that Defendant communicated negative factual assertions concerning Plaintiff’s performance to Professor Head-Gordon, Plaintiff’s former postdoctoral advisor and a key senior referee, including concerns about Plaintiff’s progress and lack of concrete results, and later contended that Plaintiff made no persistent progress and produced no publications or research materials. SAC paras. 4-5, 47-49, 73-76; Exs. 7, 12-14. Those assertions

are objectively verifiable against Plaintiff's research output and Defendant's contemporaneous employment records. The written offer executed by Defendant expressly identified the University's Annual Merit Process ("AMP") as the formal process for reviewing employee performance, stated that Plaintiff was eligible for AMP review, and identified July 1 as the common review date for monthly paid employees. SAC paras. 21-23; Ex. 1. Plaintiff commenced employment on or about November 27, 2023, and therefore had completed the six-month probationary period before the July 1, 2024 AMP review date. Id. Yet Defendant later stated that no annual merit review had been conducted because Plaintiff "stayed less than one year," and her discovery responses identify no contemporaneous written performance warning, disciplinary notice, performance improvement plan, annual review, memorandum, note, or other record supporting the criticisms she communicated to Professor Head-Gordon. SAC paras. 5, 49, 76; Exs. 3, 12-14. At the pleading stage, that absence of the formal and contemporaneous performance record contemplated by Plaintiff's employment documents supports the pleaded inference that Defendant's later factual criticisms were knowingly or recklessly unsupported.

**C. Count III states tortious interference with a prospective economic advantage**

The elements are a reasonable expectancy of a valid business relationship, Defendant's knowledge, purposeful interference preventing the expectancy from ripening, and resulting damage. *Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 219-20 (1st Dist. 2007). The alleged conduct must be purposefully directed and improper, not merely incidentally harmful. *Id.*

The University of New Mexico search supplies the clearest pleaded expectancy. UNM allegedly kept Plaintiff in its open-rank applicant pool and requested updated materials by January 5, 2025. Plaintiff forwarded that live request to Defendant and sought support, giving her knowledge of the specific third-party opportunity. SAC paras. 43-44, 79-81; Ex. 8. The opportunity-specific mechanism pleaded is that Plaintiff sent Defendant UNM's live request for updated application materials and sought her support; Defendant allegedly declined that support while obstructing the publication record and senior-reference material needed for the update and communicating unsupported performance assertions to Professor Head-Gordon, a key senior academic referee. SAC paras. 38-51, 80-84; Exs. 7, 8, 12-14. The alleged acts were thus directed at the materials and reference channel Plaintiff identified for the UNM application, even though the SAC does not allege that Defendant communicated directly with UNM. The SAC further

alleges that those acts impaired Plaintiff's ability to update the application and secure reference support, and that the expectancy failed to ripen or was materially delayed. SAC paras. 84-85. Whether and to what extent those acts prevented or materially impaired the expectancy is a factual causation question; if the Court requires a direct UNM communication or a more particular third-party response, Plaintiff requests targeted leave to amend rather than dismissal with prejudice.

**D. Count IV states intentional infliction of emotional distress**

Illinois requires truly extreme and outrageous conduct, intent to inflict severe distress or knowledge of a high probability of doing so, and distress caused by the conduct. *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, paras. 50-52. Relevant context includes abuse of authority over a plaintiff's interests, the asserted legitimacy of the objective, known susceptibility, and the entire course of conduct. *Id.* para. 52.

The alleged aggravating context is duration, repetition, and leverage over interests unusually vulnerable to supervisory misuse: Defendant allegedly exercised authority over Plaintiff's official title, publication record, senior references, and professional credibility during an immigration-sensitive transition; denied a title she had executed; communicated unsupported performance assertions to a key referee; and obstructed publication and accurate records. SAC paras. 3-6, 30-56, 87-89; Exs. 1, 3, 5, 7, 9, 12-14. Plaintiff alleges that Defendant knew those career and immigration stakes and that the cumulative conduct, viewed in light of Defendant's supervisory and reputational authority, created a high probability of severe distress. SAC paras. 87-89. The SAC separately alleges severe, medically significant distress and causation, and Exhibit 16 corroborates treatment. SAC paras. 55-56, 90-92; Ex. 16. Plaintiff submits that the asserted abuse of authority and cumulative course permit the claim to proceed; alternatively, if the Court finds the outrageousness or intent allegations insufficient, Plaintiff requests targeted leave to amend rather than dismissal with prejudice.

## III. ALTERNATIVELY, PLAINTIFF SHOULD RECEIVE LEAVE TO AMEND

Rule 15(a)(2) directs courts to give leave freely when justice requires. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519-20 (7th Cir. 2015). The Court has not previously identified a deficiency in the SAC for Plaintiff to cure. Accordingly, if the Court identifies a curable pleading deficiency for the first time in ruling on Dkt. 49, Plaintiff requests targeted leave to amend that identified defect rather than dismissal with prejudice. This alternative request does not concede that the SAC is deficient.

## CONCLUSION

For these reasons, the Court should deny Dkt. 49 without prejudice as premature. If the Court reaches the merits, it should deny judgment on the pleadings because the SAC states each claim and the motion would require resolving material factual conflicts against Plaintiff. Alternatively, the Court should grant Plaintiff leave to amend any identified deficiency.

Dated: September 2, 2026

Respectfully submitted,

/s/ Romit Chakraborty
Romit Chakraborty, Ph.D.
Plaintiff Pro Se
2261 Market Street, STE 72927
San Francisco, CA 94114
Telephone: +1 773-816-8338
Email: romit.chakraborty@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 2, 2026, I submitted the foregoing Plaintiff's Opposition to Defendant's Rule 12(c) Motion for Judgment on the Pleadings for filing through the Court's Pro Se PDF Submission portal. I further certify that on the same date, I served a copy by email on counsel of record at the addresses listed below:

Caroline K. Vickrey,
Kaitlyn M. McCaskill
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Email: vickreyc@jbltd.com
Email: mccaskillk@jbltd.com
Counsel for Defendant Laura Gagliardi

/s/ Romit Chakraborty
Romit Chakraborty, Ph.D.
Plaintiff Pro Se
2261 Market Street, STE 72927
San Francisco, CA 94114
Telephone: +1 773-816-8338
Email: romit.chakraborty@gmail.com