**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROMIT CHAKRABORTY,<br><br>Plaintiff,<br><br>v.<br><br>LAURA GAGLIARDI,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-00106<br><br>Judge: Hon. Jorge L. Alonso<br><br>Magistrate Judge: Hon. Albert Berry, III |

**DEFENDANT DR. LAURA GAGLIARDI'S REPLY IN SUPPORT OF HER RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Dr. Laura Gagliardi, by and through her undersigned counsel, Johnson & Bell, Ltd., respectfully submits this Reply in support of her motion for judgment on the pleadings.

Plaintiff's arguments in his Opposition to Defendant's Motion are a confounding mix of unsupported statements of law ("a unilateral statement un an exhibit does not automatically override a contrary well-pleaded allegation" Resp. at 1) or lots of technical jargon with no law at all. The following is Defendant's best attempt to reply.

## I. The Rule 12(c) Motion is Not Premature but in the Alternative Defendant Requests that this Court Adjudicate this Motion Pursuant to Rule 12(b)(6)

Plaintiff cites the case of *R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150*, 335 F.3d 643, 645 (7th Cir. 2003), for the proposition that Rule 12(c) is premature where no answer has been filed and the pleadings are therefore not closed. *R.J. Corman* involves a motion for judgment on the pleadings filed by the ***plaintiff*** prior to an answer by the defendant, which makes that case very different from the procedural stance here. Rule 12(c) motions are often considered at the pleading stage to test the sufficiency of the pleadings. *See, e.g., Eason v. Hughes*, 2026 U.S. Dist. LEXIS 155568 (N.D. Ill); *Hudec v. Prpa*,

820 F. Supp. 3d 786 (E.D. Wisc.)(Treating allegations in the light most favorable to plaintiff for purposes of motion).

To the extent this court considers this motion pursuant to Rule 12(c) premature, Defendant requests that this Court consider this motion pursuant to Rule 12(b)(6), which is judged pursuant to the identical standard. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Under either rule, Plaintiff has had several opportunities to formulate his claims - three - and has attached almost all of the discovery in this case to his Second Amended Complaint. If he has not yet successfully stated a claim, his opportunities to do so must be limited and the pleading stage of this case brought to a close, either with a judgment on the pleadings or a dismissal with prejudice pursuant to Rule 12(b)(6), as this is Plaintiff's third attempt to state claims. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818-19 (7th Cir. 2013)(affirming dismissal with prejudice of third pleading attempt because "in court, as in baseball, three strikes and you're out.").

## II. Plaintiff has Not Stated a Claim for Fraudulent Inducement

In his Opposition/Response, Plaintiff appears to reiterate, with pressured insistence - a complex tangle of flowery language - the same arguments he made in his Second Amended Complaint: that Defendant lured him in with a staff appointment but then treated him otherwise once hired. (Resp. at 2-3). However, Plaintiff still identifies no false statement by Defendant; nor does he identify documents which refute the documents and exhibits attached to his own Complaint which establish the opposite – that he was offered a position as a staff researcher and hired and paid as a staff researcher. In his Opposition/Response, Plaintiff did not respond to any of the case law cited by Defendant in her motion. For instance, he alleges that he "pleaded facts" that "concern" a "research mandate" but does not put together a full sentence to explain what this means. (Resp. at 3). These vague arguments are insufficient to support his claim that he has stated

a cause of action. Nowhere is there a false statement by Defendant that Plaintiff was fraudulently induced to do anything.

Plaintiff's fraudulent inducement claim must be dismissed.

**III. Plaintiff has Not Stated a Claim for Defamation *Per Se***

Plaintiff has failed to meaningfully respond to Defendant's arguments about defamation *per se*. As for the single internal email about Plaintiff's title on the website, in his Opposition/Response, Plaintiff does not respond at all to Defendant's arguments about qualified privilege, and does not respond to Defendant's argument that the email attached to Plaintiff's own complaint gives context to the Defendant's statement about the "Quantum-AI Researcher" comment, suggesting that it was part of the process of a legitimate and privileged conversation about the source of that title which Defendant did not realize Plaintiff had negotiated for himself when he was hired.

Instead, Plaintiff cites the case of *Green v. Rogers*, 234 Ill. 2d 478, 486 (2009), where the plaintiff alleged that the defendant made statements to members of the little league board and residents of the suburban community that plaintiff had a long pattern of abuse and misconduct with children, coaches and umpires in the baseball league. Plaintiff also cites *Tuite v. Corbitt*, 224 Ill. 2d 490, 514 (2006), which involves accusations of criminal conduct and allude to bribery and corruption in the judicial system. The court emphasized that context of a statement is critical in determining its meaning. *Id.* at 512. These cases are so completely different from the present case and involve widespread publication or wildly defamatory statements that they are not anywhere close to instructive here. The complained of "Quantum-AI Researcher" comment was not made to anyone except Plaintiff himself and one other person at the University of Chicago involved with the website editing. The statement itself has nothing to do with Plaintiff's inability or want of

integrity – it simply implies that Defendant didn't recognize the title but ultimately conceded it was Plaintiff's technical title and corrected it. This is not defamation, nor is it defamation *per se*.

As for Defendant's alleged statements to Professor Head-Gordon, Plaintiff ignores Defendant's arguments that these statements, if proven, were classic non-actionable opinion, true statements, or both. Plaintiff does not respond to any of the case law cited by Defendant – none of it. Plaintiff's responses about a lack of warning are simply inapposite. He does not have actionable defamation claims for discussions among professional colleagues or failure to issue letters of recommendation to a sub-par former employee.

Plaintiff's defamation *per se* claim must be dismissed.

## IV. Plaintiff Has Not Stated a Claim for Tortious Interference with Prospective Economic Advantage

Plaintiff admits in his Opposition/Response that the SAC does not allege that Defendant communicated directly with UNM. (Resp. at 4). His theory against Defendant appears to be that by speaking to Professor Head Gordon about her disappointment in Plaintiff's performance in her research program, she committed the tort of interfering with Plaintiff's economic prospects of obtaining a professorship at the University of New Mexico, because he was unable to obtain the appropriate references, including a reference from her, which Plaintiff does not dispute she is not obligated to give. What is critical is that nowhere in the SAC does Plaintiff allege that He completed the application to UNM – his "economic expectation" was an ***incomplete application***. Plaintiff, of course, cites ***not a single case in support of his theory***, and does not respond to any of the case law cited by Defendant in her motion.

Plaintiff's claim for tortious interference with prospective economic advantage must be dismissed.

## V. Intentional Infliction of Emotional Distress

Plaintiff cannot state a claim for intentional infliction of emotion distress most importantly because ***Defendant did not fire Plaintiff***. Plaintiff left the employment of Defendant voluntarily. He was summarily terminated from his job in Silicon Valley after six weeks – this dramatic event and his immigration issues that followed – ***not minor quibbles over his title on a website at a prior employer*** – are the overwhelmingly reasonable source of his emotional distress.

It is telling that Plaintiff cites just one case in which the court ***dismissed*** the claims for intentional infliction of emotional distress where the bank forcibly broke into the locked home of plaintiff, finding that such conduct did not constitute extreme and outrageous conduct because it was justified under the circumstances. *Schweis v. Chase Home Fin., LLC*, 2016 IL 120041 at P54. There, as here, Defendant's conduct was based on her privileged assessment of her former employee's sub-par work. She did not fire him; she simply declined to write a letter of recommendation and wished him well. This is hardly extreme or outrageous conduct. Defendant is not obligated to write him letters of recommendation nor is she obligated to publish material on his behalf to help him get a professorship. Defendant is simply not responsible for his distress; his distress is likely real but his own making.

Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

## CONCLUSION

Plaintiff requests yet another opportunity to re-plead in the event this complaint is dismissed. This is Plaintiff's third attempt to plead causes of action, and Plaintiff has attached almost every piece of discovery to his Complaint. Respectfully, it is not a lack of words or phrasing, it is simply that this fact pattern does not warrant the causes of action he is attempting to plead. Defendant is entitled to the relief of finality from having to defend against the never-ending

threat and expense of endless litigation. This has already been an extremely costly process for Defendant and this needs to come to an end.

For the foregoing reasons, Defendant Dr. Laura Gagliardi respectfully requests that this Court dismiss all four counts of Plaintiff's First Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(c), and for such other relief that this Honorable Court deems just and equitable.

Respectfully submitted,

JOHNSON AND BELL, LTD.

/s/ Caroline K. Vickrey

One of the Attorneys for Defendant
Dr. Laura Gagliardi

Caroline K. Vickrey - ARDC #6210332
Kaitlyn McCaskill - ARDC#6353479
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 Fax
vickreyc@jbltd.com
mccaskillk@jbltd.com