FILED
11/12/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-00106

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROMIT CHAKRABORTY, Ph.D.,<br>Plaintiff,<br><br>v.<br><br>LAURA GAGLIARDI,<br>Defendant. | Case No. 1:26-cv-00106<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Albert Berry III |

# PLAINTIFF'S MOTION FOR A RULE 16 SCHEDULING CONFERENCE AND TRIAL SETTING

Plaintiff Romit Chakraborty, appearing pro se, respectfully requests a conference under Federal Rule of Civil Procedure 16, at a time convenient to the Court, to establish a schedule through trial. He asks the Court to set a trial date or, if a firm setting is premature, a defined trial window and a date for fixing the final setting. Advance scheduling would assist Plaintiff, who resides in Calcutta, India, following his May 2026 self-deportation and must plan months ahead for a visa appointment, any required processing, and lawful travel to attend trial.

## I. Procedural posture

1. Defendant filed her original motion to dismiss on April 28, 2026 (Dkt. 18). On July 29, the Court granted leave to file the Second Amended Complaint and denied that earlier motion as moot (Dkt. 44). Defendant filed the current motion for judgment on the pleadings under Rule 12(c) on August 11 (Dkt. 49). Briefing concluded with Defendant's September 16 reply (Dkts. 51, 59, 61).

2. The September 16 scheduling order preserves November 30, 2026 as the fact-discovery cutoff and sets a December 2, 2026, 10:00 a.m. video status before Magistrate Judge Berry (Dkt. 60). No trial date or trial window has been identified in the scheduling orders available to Plaintiff. The December 2 status follows the fact-discovery cutoff.

3. On November 12, Plaintiff submitted a separate motion for leave to file a Third Amended Complaint, noticed for November 18. That request remains for decision; lodging the proposed pleading does not itself replace the operative complaint or moot Dkt. 49. The schedule can accommodate the Court's disposition of both pending requests.

4. The June 18 referral assigned discovery supervision and settlement to Magistrate Judge Berry and expressly authorized him to set and modify deadlines (Dkts. 31-32). Plaintiff asks Judge Alonso to address the district trial calendar in coordination with that referral. This motion does not seek to displace Magistrate Judge Berry's discovery supervision.

**II. Rule 16 supports a schedule through trial**

5. Rule 16(a)(1)-(4) authorizes a conference to expedite disposition, manage the case, and improve preparation. Rule 16(b)(3)(B)(vi) permits a scheduling order to set pretrial conferences and trial. Rule 16(c)(2)(E), (F), (G), (K), and (P) permits consideration of dispositive motions, remaining discovery, pretrial and trial dates, and measures facilitating a just and efficient disposition.

6. A trial date or defined window can remain subject to adjustment based on the Court's disposition of the pending motions. Plaintiff requests a practical exercise of the Court's scheduling discretion.

7. A coordinated schedule would identify the remaining sequence, including any necessary expert disclosures and discovery, summary-judgment motions and briefing, final pretrial submissions, and trial. The parties can propose alternatives and identify disagreements in a short joint report. This would permit useful planning without predicting the outcome of Dkt. 49 or the amendment motion.

**III. Plaintiff needs advance notice for lawful attendance**

8. Plaintiff currently resides in Calcutta, India, after self-deporting from the United States in May 2026. He alleges that the professional and financial consequences of Defendant's actions contributed in part to the circumstances that compelled that departure. His resulting separation from his U.S. professional network has impaired his ability to pursue employment and professional collaboration and complicated his efforts to arrange a lawful return. These circumstances bear on his ability to prepare for and attend trial. The Court can address the resulting scheduling needs without deciding the disputed causal allegations.

9. As explained in the accompanying declaration, obtaining a visa appointment, completing any required consular processing, and arranging lawful travel require months of advance planning in Plaintiff's circumstances. A trial date or defined trial window would provide a practical basis for coordinating those steps. Plaintiff requests adequate advance notice to make diligent arrangements, subject to the Court's calendar and disposition of the pending motions; a trial setting would not itself authorize entry or guarantee visa issuance.

10. A firm trial date would provide the clearest planning anchor. If the Court cannot set one now, Plaintiff asks for a defined trial window together with a date by which the final setting will be fixed, taking his visa lead time into account. A remote conference at a time convenient to the Court and a joint report within fourteen days of the scheduling order would enable the Court to assess the parties' needs and its calendar.

**IV. Consultation and scope of relief**

11. On October 28, Plaintiff requested a joint Rule 16 conference, explained the visa-planning need, and invited a brief telephone consultation on October 29. Counsel declined to join the

motion on October 30. Selected correspondence, including counsel's November 9 clarification, is transcribed in Exhibit A.

12. On November 11, 2026, Plaintiff participated in a remote conference with Ms. Vickrey that principally concerned outstanding discovery. Plaintiff also attempted to consult regarding trial scheduling and the Rule 16 request. No agreement on trial scheduling resulted. The accompanying signed statement sets out the written requests and the additional consultation attempt. Plaintiff remains available for further focused consultation and will participate in any consultation the Court directs.

13. Plaintiff seeks no automatic change to the November 30 cutoff or the December 2 status. Any discovery extension must be sought separately, with the showing required by Dkt. 60. This motion also requests no particular merits disposition or deadline for deciding Dkt. 49.

**Requested relief**

Plaintiff respectfully requests that the Court: (a) convene a telephonic Rule 16 scheduling conference at a time convenient to the Court; (b) direct a joint report within fourteen days of its order, identifying each party's proposed remaining schedule and disagreements; (c) establish a schedule through trial and a firm trial date; or, alternatively, identify a defined trial window and a date for fixing the final setting, allowing adequate advance visa and travel planning; and (d) coordinate any discovery-related scheduling with Magistrate Judge Berry. Existing deadlines remain in effect unless changed by a separate order.

Dated: November 12, 2026

Respectfully submitted,

s/ Romit Chakraborty
Romit Chakraborty, Ph.D.
Plaintiff pro se
2261 Market Street, STE 72927
San Francisco, California 94114
Telephone: +1 773-816-8338
Email: romit.chakraborty@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROMIT CHAKRABORTY, Ph.D.,<br>Plaintiff,<br><br>v.<br><br>LAURA GAGLIARDI,<br>Defendant. | Case No. 1:26-cv-00106<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Albert Berry III |

**DECLARATION OF ROMIT CHAKRABORTY**

I, Romit Chakraborty, declare as follows:

1. I am the Plaintiff and am representing myself. I make this declaration from personal knowledge.

2. I reside in Calcutta, India, after self-deporting from the United States in May 2026. I allege that Defendant's actions contributed in part to the professional and financial circumstances that compelled my departure. Separation from my U.S. professional network has impeded my work and efforts to arrange a lawful return.

3. Attending trial in Chicago requires me to arrange lawful entry to the United States. Obtaining a visa appointment, completing any required processing, and arranging travel require months of advance planning in my circumstances.

4. Without a trial date or defined trial window, I cannot plan those steps around the required appearance. I request advance scheduling so that I can pursue the necessary arrangements diligently. I understand that scheduling does not guarantee visa issuance or admission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2026, at Calcutta, India.

s/ Romit Chakraborty
Romit Chakraborty

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROMIT CHAKRABORTY, Ph.D.,<br>Plaintiff,<br><br>v.<br><br>LAURA GAGLIARDI,<br>Defendant. | Case No. 1:26-cv-00106<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Albert Berry III |

## STATEMENT OF CONSULTATION EFFORTS

1. On October 28, 2026, I emailed Caroline K. Vickrey, Kaitlyn M. McCaskill, and Jennifer Saccuci requesting agreement to a Rule 16 conference addressing the remaining schedule and visa-related trial planning.

2. In a follow-up email sent October 28 at 6:30 p.m. Pacific, I requested Defendant's position and counsel's availability for a brief telephone consultation on October 29. On October 30, Ms. Vickrey wrote: "I have never heard of a motion for a Rule 16 conference, so we decline to joining such a motion." On November 9, she clarified that her statement concerned a motion for a conference, rather than familiarity with Rule 16 scheduling conferences. The selected correspondence appears in Exhibit A.

3. On November 11, 2026, I participated remotely with Ms. Vickrey in a meet-and-confer conference arranged through the Microsoft Teams invitation she supplied. The principal subject was outstanding discovery. I also attempted to consult regarding trial scheduling and the Rule 16 request. No agreement on trial scheduling resulted. This paragraph records my personal recollection of that additional attempt; the contemporaneous written summaries principally addressed discovery.

4. Ms. Vickrey arranged the meeting invitation and connection information. I requested an agenda before the conference but did not receive one beforehand. I perceived portions of

counsel's tone during our interactions as condescending. I provide these details as context for the consultation efforts and request only the scheduling relief described in the motion. I remain available for further focused consultation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing account of my consultation efforts is true and correct.

Executed on November 13, 2026, at Calcutta, India.

s/ Romit Chakraborty
Romit Chakraborty, Plaintiff pro se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROMIT CHAKRABORTY, Ph.D.,<br>Plaintiff,<br><br>v.<br><br>LAURA GAGLIARDI,<br>Defendant. | Case No. 1:26-cv-00106<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Albert Berry III |

## EXHIBIT A

### Selected scheduling correspondence

Selected transcriptions of the October 28 requests, October 30 response, and November 9 clarification follow. Headers are reproduced from the original messages. Extended signature blocks, quoted earlier correspondence, and other thread messages are omitted.

**Exhibit A | Message 1**

Date: Wed, 28 Oct 2026 03:59:55 -0700

Subject: Chakraborty v. Gagliardi — Request to Confer Regarding Rule 16 Scheduling

From: Romit Chakraborty <romit.chakraborty@gmail.com>

To: "Caroline K. Vickrey" <vickreyc@jbltd.com>, Kaitlyn Marie McCaskill <mccaskillk@jbltd.com>, Jennifer Saccuci <saccucij@jbltd.com>

**Message body**

Ms. Vickrey,

With fact discovery scheduled to close on November 30, 2026, the Court has not yet established a schedule for expert disclosures, dispositive motions, or trial.

I propose that the parties jointly request a brief Rule 16 status conference before Judge Alonso to establish a roadmap for the remaining proceedings.

Because I reside outside the United States, advance scheduling is particularly important to allow sufficient time for visa processing and lawful travel to attend trial.

This request does not seek to accelerate the Court's ruling on the pending motion, only to clarify the procedural path forward.

Please let me know whether Defendant will join such a request. Respond by

close of business Central time today, October 28th.

Regards,
Romit Chakraborty
Plaintiff Pro Se

**Exhibit A | Message 2**

To: vickreyc@jbltd.com, mccaskillk@jbltd.com

Cc: saccucij@jbltd.com

Subject: Chakraborty v. Gagliardi — Rule 16 Scheduling Request (Follow-Up)

Date: Wed, 28 Oct 2026 18:30:02 -0700

From: Romit Chakraborty <romit.chakraborty@gmail.com>

**Message body**

Ms. Vickrey,

Following my October 28 request, I am finalizing a narrowly tailored motion for a Rule 16 scheduling conference. Unless Defendant is willing to join a scheduling request, I anticipate filing an independent motion, potentially on October 29, with presentment noticed for November 5, subject to the Court’s procedures.

The proposed relief is a scheduling roadmap or provisional trial window to permit advance visa and travel planning; it does not seek to accelerate the pending Rule 12(c) ruling or modify existing deadlines.

Please advise whether Defendant will join the request or state its position, and whether you are available for a brief telephone conference on October 29.

Regards,
Romit Chakraborty
Plaintiff pro se

**Exhibit A | Message 3**

From: "Caroline K. Vickrey" <vickreyc@jbltd.com>

To: Romit Chakraborty <romit.chakraborty@gmail.com>, "Kaitlyn M. McCaskill" <mccaskillk@jbltd.com>

CC: Jennifer Saccuci <saccucij@jbltd.com>

Subject: RE: Chakraborty v. Gagliardi — Rule 16 Scheduling Request (Follow-Up)

Date: Fri, 30 Oct 2026 17:57:18 +0000

**Message body**

Mr. Chakraborty,

I have never heard of a motion for a Rule 16 conference, so we decline to joining such a motion.

We are working on the follow up to our meet and confer and will be in touch with our response in the coming week or so.

Sincerely,

Caroline Vickrey

**Exhibit A | Message 4**

From: "Caroline K. Vickrey" <vickreyc@jbltd.com>
To: "romit.chakraborty@gmail.com" <romit.chakraborty@gmail.com>
CC: "Kaitlyn M. McCaskill" <mccaskillk@jbltd.com>, Jennifer Saccuci <saccucij@jbltd.com>
Subject: RE: Chakraborty v. Gagliardi — Rule 16 Scheduling Request (Follow-Up)
Date: Mon, 9 Nov 2026 15:35:06 +0000

**Message body**

Mr. Chakraborty,

Do not misquote me.  I did not say I have never heard of a Rule 16 scheduling conference.

I said I have not heard of a motion for a Rule 16 scheduling conference.

Caroline Vickrey

## CERTIFICATE OF SERVICE

I certify that on November 12, 2026, I served a true and correct copy of the foregoing Motion for a Rule 16 Scheduling Conference and Trial Setting, accompanying declaration, statement of consultation efforts, and Exhibit A by electronic mail upon counsel for Defendant Laura Gagliardi at the following addresses:

Caroline K. Vickrey
vickreyc@jbltd.com

Kaitlyn M. McCaskill
mccaskillk@jbltd.com

Dated: November 12, 2026

s/ Romit Chakraborty
Romit Chakraborty, Ph.D.
Plaintiff pro se
2261 Market Street, STE 72927
San Francisco, California 94114
Telephone: +1 773-816-8338
Email: romit.chakraborty@gmail.com