**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

ROMIT CHAKRABORTY,
Plaintiff,

v.

LAURA GAGLIARDI,
Defendant.

Case No. 26-cv-00106

Judge: Hon. Jorge L. Alonso

Magistrate Judge:
Hon. Albert Berry III

**QUALIFIED PROTECTIVE ORDER**
**PURSUANT TO HIPAA AND RULE 26(c)**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause to protect the private diagnoses, symptoms, treatment, medication, billing, and identifying information addressed below while permitting appropriate discovery and preserving the public's rights of access to judicial records, and ORDERS as follows:

1. The parties and their attorneys, including Plaintiff appearing pro se, are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to Plaintiff, ROMIT CHAKRABORTY, to the extent and subject to the conditions outlined herein. This Order supplies confidentiality protections; it is not, by itself, a command to produce records or a patient authorization. Any disclosure must also have a lawful basis and comply with applicable discovery procedures and law.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. "Protected Medical Material" means PHI obtained or produced in this action and the additional medical material described in paragraph 7. The use, disclosure, security, and disposition requirements below apply to all Protected Medical Material.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized, subject to paragraphs 1, 8, and 11 and applicable law, to disclose protected health information pertaining to Plaintiff, ROMIT CHAKRABORTY, to Plaintiff proceeding pro se and to

attorneys representing Plaintiff and Defendant in the above-captioned litigation. This paragraph neither compels a nonparty's compliance nor overrides a properly asserted objection or privilege. Requests and productions shall be shared as provided in paragraph 10.

4. The parties and their attorneys shall be permitted to use or disclose Protected Medical Material solely for prosecuting, defending, or resolving this action, including its appeals. Disclosure is limited to persons reasonably needing the material for that purpose: the parties; their counsel and counsel's staff; retained experts, consultants, and investigators; the Court and its personnel; court reporters; litigation-support vendors; mediators; witnesses to the extent reasonably necessary for testimony or preparation; and insurer or indemnitor representatives responsible for this action's defense or settlement. Disclosure to others requires written agreement or further court order. Material obtained under this Order shall not be used for unrelated litigation, employment, academic, research, commercial, or publicity purposes. Paragraph 14 governs compulsory demands in other proceedings.

5. Prior to disclosing Protected Medical Material to persons involved in this litigation, the disclosing party or counsel shall inform each such person of this Order's restrictions and take reasonable steps to secure compliance. Retained experts, consultants, investigators, and insurer or indemnitor representatives shall execute Exhibit A before receiving the material. Vendors shall be subject to written confidentiality obligations at least as protective as this Order. Witnesses shall be instructed on the record or in writing and may retain copies only as reasonably necessary for this action, including transcript review. The disclosing party or counsel shall retain signed acknowledgments; this provision does not require disclosure of otherwise protected consulting-expert identities or work product. Court personnel need not execute an acknowledgment.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of Protected Medical Material received for this action shall return it to the originating covered entity or other producing person, or destroy it, including all copies, extracts, and summaries containing the protected information. This requirement does not direct alteration or destruction of the Court's own records, a provider's original clinical records, or Plaintiff's independently maintained personal medical records. It does not create a general archival exception for litigation copies. Each party or counsel shall confirm compliance in writing within 14 days after completing disposition and take reasonable steps to obtain and confirm compliance by recipients to whom that party disclosed the material. A claimed conflicting retention obligation shall be presented to the Court before the disposition deadline; it is not a self-executing exception.

7. The protections of this Order also apply, under Rule 26(c), to nonpublic medical and mental-health records and information concerning Plaintiff obtained or produced for this action from any source, including Plaintiff, insurers, and providers outside the United States, and to portions of testimony, exhibits, and derivative materials revealing that information. Protection does not depend on the source being a HIPAA-covered entity. This provision does not deem a foreign provider subject to HIPAA or resolve jurisdiction over that provider. It does not restrict Plaintiff's use of independently maintained personal medical records or a provider's ordinary clinical recordkeeping. It does not retroactively seal information lawfully made public or render unrelated nonmedical evidence confidential merely because it appears in the same document.

8. Nothing in this order authorizes either party to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a valid patient authorization, or other lawful process. This Order does not establish a service-date range or an authorization-expiration date. Providers, record categories, and periods shall be identified in the actual requests or authorizations and remain subject to agreement, applicable law, and adjudication of specific disputes. Nothing here requires a patient signature when a different lawful disclosure route applies. This Order does not authorize substantive ex parte interviews of Plaintiff's treating providers by Defendant or her representatives; such interviews require separate written patient consent or further court order. Administrative communications to arrange records production or testimony are permitted. Properly noticed depositions and other lawful testimony remain available.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's Protected Medical Material under seal. A filing party shall comply with Local Rule 26.2, Rule 5.2, and the presiding judge's instructions, using narrowly tailored redactions and a public version where required. Absent a shorter court deadline or genuine exigency, the filing party shall give the other party at least three business days' notice identifying the protected material proposed for filing so that appropriate relief may be sought. Such notice does not confer a veto, extend a filing deadline, or authorize sealing without the required application. Use at a public hearing or trial remains subject to the Court's direction.

10. Notice and equal access. Before serving a records subpoena, the issuing party shall provide the notice and copy required by Rule 45(a)(4). For an authorization-based written records request, the requesting party shall provide the other party a copy at least three business days before transmission, unless the parties agree otherwise or the Court orders otherwise. Each request shall include this Order and any required authorization. Within three business days

after receipt, the receiving party shall provide the other side a complete electronic copy of the provider's production as received, including cover letters, certifications, and no-record responses. No merits-based selection or undisclosed substantive alteration is permitted. Particular privilege or legally required redaction issues shall be identified and resolved under paragraphs 11–12; undisputed material shall not be delayed. Bates numbering and confidentiality labels may be added without obscuring source content. No duplicate retrieval charge shall be imposed merely for sharing an existing electronic production; other cost-allocation issues are reserved.

11. Specially protected information. This Order does not dispense with applicable federal, state, or foreign requirements governing particular records. Separately maintained psychotherapy notes, as defined in 45 C.F.R. § 164.501, are not authorized for disclosure by this Order alone; any request for them shall be separately identified and proceed only on a legally sufficient basis, including any required separate authorization or specific court ruling. Ordinary clinical records are not psychotherapy notes merely because they concern mental health. The same requirement to establish a lawful basis applies to records subject to additional statutory protections, including substance-use-disorder records if applicable. A party withholding material shall specifically identify the ground and provide the information required by the applicable discovery rules without revealing the protected content.

12. No adjudication of privilege, waiver, or merits. Entry of this Order alone does not establish relevance, proportionality, admissibility, causation, damages, or waiver of any privilege. It does not decide the effect of pleaded claims, testimony, reliance on medical evidence, earlier disclosures, or later voluntary disclosure on any asserted privilege. Those questions remain governed by applicable law and specific rulings. A party claiming that produced material is privileged or otherwise protected shall promptly identify the material and basis; the parties shall follow Rule 26(b)(5)(B) or Rule 45(e)(2)(B), as applicable, including sequestration and nonuse while the claim is resolved. This paragraph creates no new privilege and does not restore one already waived. The parties shall promptly confer and seek appropriate relief if necessary, without withholding unrelated, undisputed production.

13. Security and designation. Protected Medical Material shall be maintained and transmitted using reasonable safeguards against unauthorized access, including access-controlled electronic storage and transfer; it shall not be posted through publicly accessible links. Medical-record productions shall be labeled "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER"; copies and derivative materials remain protected even if a label is inadvertently omitted. Confidentiality claims for testimony or mixed documents shall identify the relevant portions, not blanket-designate unrelated content. A recipient learning of unauthorized access

or disclosure shall notify the parties promptly, and ordinarily within two business days, take reasonable containment and retrieval steps, and provide sufficient nonprivileged information to assess the incident.

14. Other proceedings; challenges; duration. A recipient served with a demand in another proceeding for Protected Medical Material shall, unless prohibited by law, promptly notify the parties, provide a copy of the demand within three business days, and inform the requesting person of this Order, allowing a reasonable opportunity to seek protection. Nothing authorizes disobedience of a lawful court directive. Any party or other person with standing may seek clarification, modification, or relief after applicable conferral. The party seeking continued confidentiality bears the applicable burden; disputed material remains protected pending agreement or ruling. The Order takes effect upon entry, binds the parties, their counsel, and recipients receiving material under its terms, survives termination as necessary to enforce its restrictions and disposition obligations, and does not extend discovery or other deadlines. The Court retains authority to enforce or modify it to the extent permitted by law.

**SO ORDERED.**

Dated: November 23, 2026

Honorable Albert Berry III
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

Chakraborty v. Gagliardi, No. 26-cv-00106 (N.D. Ill.)

I acknowledge that I have received and read the Qualified Protective Order entered in this action on ____________________. I agree to comply with its restrictions on use, disclosure, safeguarding, and disposition of Protected Medical Material. I will use such material only for this action, disclose it only as permitted by the Order, and return or destroy it as required. I submit to this Court's jurisdiction for enforcement of these obligations to the extent permitted by law.

Name: ____________________________________________________

Role in this action: __________________________________________

Business address: ___________________________________________
__________________________________________________________

Date: ____________________

Signature: ___________________________________________________